# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Jennifer M. Smith,

    Plaintiff,

v.

U.S. Immigration and Customs Enforcement; and
U.S. Citizenship and Immigration Services,

    Defendants.

## COMPLAINT

### Introduction

1. This is a Freedom of Information Act ("FOIA") case seeking to obtain the release of agency records held by the defendants and challenging defendants' policy to withhold documents otherwise subject to a FOIA request for reasons outside the statutory exemptions.

2. Plaintiff Jennifer Smith, an immigration attorney, sought access to records related to the immigration status of one of her non-citizen clients. This case concerns 18 pages of documents that U.S. Citizen and Immigration Services ("USCIS") identified as responsive but failed to disclose. Instead, USCIS "referred" the request for those documents to its sister agency, defendant U.S. Immigration and Customs Enforcement ("ICE"). In turn, ICE refused to provide the responsive documents to Ms. Smith, relying on what it characterized as its "practice to deny fugitive alien FOIA requesters access to the FOIA process when the records requested could assist the alien in continuing to evade enforcement efforts." Because this justification for denial

does not fall within one of the statutorily designated exemptions to the Freedom of Information Act, defendants improperly withheld agency records from Ms. Smith.

## Jurisdiction and Venue

3. This Court has personal and subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue is proper in the District of Colorado pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

5. Ms. Smith has exhausted all applicable administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## Parties

6. Jennifer M. Smith is a United States citizen and an attorney and resident of the State of Colorado.

7. USCIS and ICE are both "agencies" within the meaning of FOIA, 5 U.S.C. § 552(f)(1).

## Statement of Facts

8. Plaintiff Jennifer Smith is an attorney who specializes in immigration and naturalization. She represents Marta Alicia del Carmen Orellana Sanchez (Ms. Sanchez), who retained Ms. Smith to assist with resolving concerns about Ms. Sanchez's immigration status.

9. Attorneys representing non-citizens in immigration proceedings, such as in this case, have few discovery options. Generally, an attorney can obtain her client's immigration file only by filing a Freedom of Information Act (FOIA) request.

10. The Freedom of Information Act, 5 U.S.C. §552, generally states federal agencies shall make requested records promptly available to any person who makes a proper request. 5

U.S.C. §552(a)(3). If an agency denies all or part of a FOIA request, it must do so under the statutorily designated exemptions. 5 U.S.C. §552(b). There are nine statutory exemptions provided at 5 U.S.C. § 552(b):

- (b)(l) National Security Information
- (b)(2) Internal personnel rules and practices
- (b)(3) Information exempt under other laws
- (b)(4) Confidential business information
- (b)(5) Privileged agency communications
- (b)(6) Personal Privacy
- (b)(7) Law Enforcement Records
- (b)(8) Financial Institutions
- (b)(9) Geological Information

*2013 USCIS FOIA Request*

11. In order for Ms. Smith to determine what steps, if any, needed to be taken on behalf of Ms. Sanchez, on or around May 22, 2013, Ms. Smith submitted a FOIA request to USCIS.

12. Specifically, Ms. Smith's FOIA request sought Ms. Sanchez's "Complete Alien File (A-File)" and "any and all records of entry into the United States or departures from the United States after January 1, 2005" and "any and all records of I-94s pertaining to this person after January 1, 2005." This information was necessary for Ms. Smith to properly analyze how best to advocate on behalf of Ms. Sanchez.

13. On June 6, 2013, USCIS acknowledged the receipt of Ms. Smith's request and assigned the request control number: NRC2013059574.

14. On August 19, 2013, USCIS responded to the FOIA request and informed Ms. Smith that the agency had located 18 documents that were potentially responsive agency documents that may have originated from ICE. As a result, USCIS stated that it "referred" the 18 documents and a copy of Ms. Smith's FOIA request to ICE for consideration and a response.

15. When USCIS produced documents to Ms. Smith, the 18 pages that had been referred to ICE were blank except for the words "Referred to Immigration and Customs Enforcement" printed at the top. USCIS provided no basis for withholding the 18 pages of documents under any of the FOIA exceptions enumerated above, or for any reason at all. Instead, USCIS apparently takes the position that it satisfied its FOIA obligations by "referring" the documents and FOIA request to ICE for further handling.

*2015 ICE FOIA Response*

16. On September 3, 2015 (more than two years after the FOIA request was submitted to USCIS), ICE responded to Ms. Smith as follows:

> ICE's records indicate that as of September 3, 2015, the subject of your request is a fugitive under the Immigration and Nationality Act of the United States. It is ICE's practice to deny fugitive alien FOIA requesters access to the FOIA process when the records requested could assist the alien in continuing to evade immigration enforcement efforts.

*See* ICE's response letter dated September 3, 2015, attached hereto as Exhibit 1.

17. Defendant ICE's response to Ms. Smith's FOIA request is devoid of any legal citation or reference to any of the FOIA's statutory exemptions listed above. ICE relies solely on what it characterizes as its "practice" of denying access to the FOIA process to persons the agency regards as "fugitive alien FOIA requesters." *See* Exhibit 1.

*Exhaustion of Administrative Remedies*

18. On October 8, 2015, Ms. Smith filed a timely appeal of ICE's denial.

19. On October 22, 2015, ICE acknowledged receipt of Ms. Smith's appeal and assigned an appeal request number (2015-ICFO-25633) and a tracking number (2016-ICAP-00051) to the appeal.

20. The agency did not make a determination with regard to Ms. Smith's appeal within the 20-day statutory requirement. 5 U.S.C. § 552 (a)(6)(A)(ii). Because ICE failed to make a timely determination as to Ms. Smith's appeal, Ms. Smith is deemed to have exhausted her administrative remedies.

*ICE's Illegal Practice Imposes Significant Burden*

21. ICE's "practice" of denying access to the FOIA process imposes significant burdens on lawyers who represent non-citizens in connection with immigration issues. In many cases, lawyers cannot effectively represent their non-citizen clients—or even determine whether there is a way to help them—without access to information or records the client may be unable to provide.

22. Many non-citizens lack familiarity with the immigration system and U.S. law enforcement in general, and do not know or understand the difference between various agencies with which they might interact. The Department of Homeland Security, for example, has several branches that a non-citizen may encounter, but with different roles within the system. These agencies include, among others, Customs and Border Patrol, ICE, and USCIS. Often, non-citizens (and citizen non-lawyers, for that matter) may simply know they are talking to an officer wearing a badge, without understanding what jurisdiction and/or authority that person represents. Thus, anon-citizen's understanding of a contact with government agents is often insufficient to inform an immigration attorney as to what occurred and the outcome of any agency investigation.

23. Furthermore, the client may not remember events that occurred long ago, or may not have received mailings or notices from USCIS and/or ICE. In other cases, the non-citizen might be unaware of proceedings that occurred where the non-citizen was not present, or if

5

present, where the non-citizen failed to understand what happened, or the significance of what happened. Or there may be procedural irregularities that a lawyer could discern from the government's documents that her client, as a layperson, might not recognize. Or, in some cases it is possible that a deportation order issued *in absentia* that the non-citizen knows nothing about. Or a non-citizen may not know whether a claim of asylum was properly acted on, or was even presented to the proper agency.

24. As a result, immigrants seeking legal advice may be unable to explain to their attorney which agency they met with, and what type of interaction transpired, and what the legal issues may be. In these circumstances the only way the non-citizen's lawyer may obtain this kind of information is through a FOIA request. Without access to the FOIA process, a lawyer may have literally no place to start in assisting her client.

### CLAIM FOR RELIEF
*Violation of the FOIA: Defendant USCIS and ICE Failed to Release Records Responsive to Plaintiff's Request*

25. Ms. Smith restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if set forth fully herein.

26. Defendants are agencies subject to FOIA, 5 U.S.C. § 552(f). In response to a FOIA request, they must release any disclosable records in their possession at the time of the request and provide a lawful reason for withholding any materials as to which they claim an exemption, 5 U.S.C. § 552(a)(3).

27. Ms. Smith made a proper FOIA request to USCIS.

28. USCIS "referred" the request to ICE, which triggers ICE's obligations to Ms. Smith under FOIA.

29. To the extent that USCIS and ICE have located responsive records, but failed to produce or provide a valid reason for withholding them, that failure violates the FOIA, 5 U.S.C. § 552(a)(3).

30. The defendants have improperly withheld agency records in violation of 5 U.S.C. § 552(a)(6)(A).

31. Ms. Smith has exhausted the applicable administrative remedies with respect to her FOIA request.

32. Ms. Smith is entitled to relief compelling the processing and disclosure of the requested agency records.

**WHEREFORE**, Ms. Smith seeks judgment in her favor and asks the Court to grant the following relief:

    a. Order defendants USCIS and ICE to immediately process and release all records responsive to Plaintiff's FOIA request;

    b. Declare that defendant ICE's stated policy of denying access to records otherwise obtainable under the FOIA process pertaining to persons it deems to be "fugitive alien FOIA requesters" is in violation of the FOIA;

    c. Award Ms. Smith her costs and reasonable attorneys' fees incurred in this action; and

    d. Grant such other relief as the Court may deem just and proper.

Respectfully submitted this 24th day of August, 2016.

DANIEL J. CULHANE LLC

*s/* Daniel J. Culhane

_____
Daniel J. Culhane
1600 Broadway, Suite 1600
Denver, CO 80202
Telephone: 303.945.2070
Facsimile: 720.420.5998
Dan@CulhaneLaw.com

*AS COOPERATING ATTORNEY FOR THE ACLU FOUNDATION OF COLORADO*

Mark Silverstein
Sara R. Neel
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF COLORADO
303 E. 17th Avenue, Suite 350
Denver, CO 80203
Telephone: 720.402.3107
Facsimile: 303.777.1773
msilverstein@aclu-co.org
sneel@aclu-co.org

**Attorneys for Plaintiff**