# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02137-KLM

JENNIFER M. SMITH,

    Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendants.

---

## MOTION TO DISMISS

---

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Citizenship and Immigration Services ("USCIS") move to dismiss Plaintiff's Complaint [#1] (the "Complaint," or "Compl."), and in support thereof state as follows:

## INTRODUCTION

Plaintiff's Complaint against ICE and USCIS should be dismissed for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. Plaintiff alleges that Defendants wrongfully withheld agency records, in violation of the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"). However, Defendants have now released the documents that Plaintiff requested, and her claim for relief under FOIA is therefore moot. Plaintiff cannot avoid dismissal of her lawsuit by asking for a declaration invalidating ICE's alleged "practice" in responding to FOIA requests: the broad declaratory relief requested by Plaintiff is not available

under FOIA; the relief requested would not affect Defendants' actions *toward Plaintiff*; and Plaintiff lacks standing to seek such relief in this action. Finally, Plaintiff's claim against USCIS should be dismissed for the additional reason that the Complaint fails to state a plausible claim for relief against USCIS under FOIA.

## BACKGROUND

Plaintiff Jennifer Smith is an immigration attorney. Compl. ¶ 2. On behalf of her client, Marta Alicia del Carmen Orellana Sanchez, Plaintiff submitted a FOIA request to USCIS seeking records relating to Ms. Sanchez. *Id.* ¶¶ 2, 11-12; *see also* Ex. A.[1] Plaintiff requested a copy of Ms. Sanchez's "Complete Alien File (A-File)" and stated that the purpose of the request was to "obtain any and all records of entry into the United States or departures from the United States after January 1, 2005, any and all records of I-94?s [sic] pertaining to this person after January 1, 2005." Ex. A at 1; *see also* Compl. ¶ 12. Plaintiff alleges that this information was "necessary . . . to properly analyze how best to advocate on behalf of Ms. Sanchez," Compl. ¶ 12, a non-citizen fugitive alien who hired Plaintiff to address "concerns about Ms. Sanchez's immigration status," *id.* ¶¶ 2, 8, 16.

USCIS responded to Plaintiff's FOIA request on August 19, 2013. Ex. B; *see also*

---

[1] A copy of the FOIA request submitted by Plaintiff is attached hereto as Exhibit A. Because this document is referenced in and central to Plaintiff's Complaint, and because its authenticity is not in dispute, the Court may consider this document in ruling on Defendants' Motion to Dismiss. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). Moreover, where Plaintiff's allegations contradict documents properly before the Court, the contents of the documents themselves, and not Plaintiff's allegations or characterizations thereof, control. *Rader v. Citibank*, No. 14-cv-00784-CMA-BNB, 2014 WL 5152357, at *2 (D. Colo. Oct. 14, 2014) (unpub.) (citing *GFF Corp.*, 130 F.3d at 1385; *Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000)).

Compl. ¶ 14.[2]  USCIS released 17 pages of records related to Ms. Sanchez in full.  Ex. B. USCIS also released 13 pages in part, subject to redactions necessitated by certain FOIA exemptions, and withheld two pages pursuant to FOIA exemption (b)(5).  Id.  Plaintiff is not challenging these redactions or withholdings in this lawsuit.  See generally Compl.

In processing Plaintiff's FOIA request, USCIS also located certain potentially responsive records that may have originated with ICE.  See Ex. B; see also Compl. ¶ 14.  Pursuant to the Department of Homeland Security's FOIA regulations, 6 C.F.R. § 5.4(d), (f), USCIS referred these records to ICE and notified Plaintiff of the referral, Ex. B; see also Compl. ¶ 14.

ICE initially declined to release the documents referred to it by USCIS, stating as follows:

> ICE's records indicate that as of September 03, 2015, the subject of your request is a fugitive under the Immigration and Nationality Act of the United States. It is ICE's practice to deny fugitive alien FOIA requesters access to the FOIA process when the records requested could assist the alien in continuing to evade immigration enforcement efforts. The agency has reviewed the information sought in your request and has determined that there is a connection between that information and the subject of the request's status as a fugitive. The information you have requested and the fugitive status are both directly related to the Immigration and Nationality Act of the United States.
>
> The ICE FOIA office declines to process your request until the subject of the request is no longer considered a fugitive. If the fugitive surrenders at the nearest ICE office, you may notify this office and ICE will process your FOIA request.

Ex. C.[3]

---

[2] A copy of USCIS's letter in response to Plaintiff's FOIA request is attached hereto as Exhibit B.  The Court may consider this document in ruling on Defendants' Motion to Dismiss. See supra note 1 (citing authority).

[3] A copy of ICE's response to Plaintiff's FOIA request is attached hereto as Exhibit C. (Plaintiff indicated that the response was attached as Exhibit 1 to her Complaint, see Compl. ¶ 16, but inadvertently omitted the attachment.)  The Court may consider this document in ruling on Defendants' Motion.  See supra note 1 (citing authority).

Plaintiff appealed ICE's determination on October 8, 2015. Compl. ¶ 18. ICE did not provide Plaintiff with an adjudication of her appeal within 20 business days, *id.* ¶ 20, and she is therefore deemed to have exhausted her administrative remedies, 5 U.S.C. § 552(a)(6)(A)(ii), 552(a)(6)(C)(i). Plaintiff filed this lawsuit on August 28, 2016, alleging that Defendants improperly withheld agency records under FOIA and seeking an order compelling release of the withheld records. *See* Compl. ¶¶ 30, 32. Plaintiff also asks the Court to declare that ICE's stated practice of withholding documents from "fugitive alien FOIA requesters" violates FOIA. *See id.* at 7, ¶ b.

After Plaintiff filed suit, ICE processed and released the records at issue in Plaintiff's administrative appeal, subject to certain redactions pursuant to FOIA exemptions. *See* Ex. D.[4] Defendants do not understand Plaintiff to be challenging any redactions to the records released by ICE.

## ARGUMENT

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, Fed. R. Civ. Pro. 12(b)(1), and failure to state a claim on which relief can be granted, *id.* 12(b)(6). Plaintiff's claim for relief under FOIA is moot because the requested records have now been released to her. Plaintiff cannot escape mootness by asking for declaratory relief: in FOIA, Congress did not provide for the broad declaratory relief requested by Plaintiff. And, even if such relief were available, Plaintiff lacks standing to seek such relief in this action. Finally,

---

[4] A copy of ICE's letter responding to Plaintiff's FOIA appeal is attached hereto as Exhibit D. The Court may consider ICE's response to Plaintiff's FOIA appeal in ruling on Defendants' Motion to Dismiss, on mootness grounds, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (discussing factual challenges to subject matter jurisdiction).

Plaintiff's claim against USCIS should be dismissed on the additional ground that USCIS is not alleged to have engaged in any conduct that violates FOIA.

**I.  Standard of Review.**

As the party invoking federal jurisdiction, Plaintiff bears the burden to establish that the Court has subject matter jurisdiction to hear her claim.  *Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also* Fed. R. Civ. P. 12(b)(1).  Statutes conferring subject-matter jurisdiction are to be strictly construed.  *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir.1964).

Here, Defendants bring both a factual and facial challenge to Plaintiff's Complaint under Rule 12(b)(1).  *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (discussing facial and factual challenges to subject matter jurisdiction).  In evaluating Defendants' factual challenge, *see infra* Parts II, III.B, the Court "may not presume the truthfulness of the complaint's factual allegations" and may consider evidence outside the pleadings without converting the motion to dismiss to a motion for summary judgment.  *Holt*, 46 F.3d at 1003.  In evaluating Defendants' facial challenge, *see infra* Parts III.A, III.C, IV.B, the Court accepts Plaintiff's well-pleaded jurisdictional allegations as true (disregarding any conclusory allegations), and determines whether those facts establish that the Court has subject matter jurisdiction over Plaintiff's claims. *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227 & n.1 (10th Cir. 2010).

Plaintiff bears an additional jurisdictional burden in this case because ICE and USCIS, as agencies of the United States, are immune from suit save as the United States consents to be

sued. *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). A waiver of sovereign immunity must be unequivocally expressed, cannot be implied, and must be narrowly construed in favor of the government. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *In re Talbot*, 124 F.3d 1201, 1205-06 (10th Cir. 1997). Plaintiff "bears the burden of proving that sovereign immunity has been waived." *Sydnes v. United States*, 523 F.3d 1179, 1183 (10th Cir. 2008).

To survive Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6), *see infra* Parts III.A, IV.A, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The well-pleaded facts must plausibly establish the legal elements of Plaintiff's claim and must suggest that Plaintiff is entitled to relief from each Defendant. *See id.* at 679, 682-83.

## II. Plaintiff's Claim for Relief Under FOIA Is Moot.

Plaintiff filed a Complaint under FOIA seeking to "compel[] the processing and disclosure of the requested agency records." Compl. ¶ 32. The documents that Plaintiff requested have now been released. *See* Exs. B, D.

"Once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot." *Anderson v. U.S. Dep't of Health and Human Servs.*, 3 F. 3d 1383, 1384 (10th Cir. 1993). Because Plaintiff's claim is moot, it should be dismissed for lack of subject matter jurisdiction. *Cf., e.g., Cary v. Tessier*, No. 12-cv-02072-RM-KLM, 2014 WL 5298170, at *6 (D. Colo. Feb. 4, 2014) ("This Court has no jurisdiction to consider moot cases.") (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)), *adopted by* 2014 WL 5293558 (D. Colo. Oct. 16, 2014).

6

### III. Plaintiff Is Not Entitled to Declaratory Relief.

Plaintiff is not entitled to any additional relief, and her Complaint should be dismissed in its entirety for lack of subject matter jurisdiction and/or failure to state a claim on which relief can be granted. In addition to seeking the release of documents, Plaintiff asks the Court to enter an order declaring that "ICE's stated policy of denying access to records otherwise obtainable under the FOIA process pertaining to persons it deems to be 'fugitive alien FOIA requesters' is in violation of the FOIA." Compl. at 7, ¶ b. Plaintiff cannot obtain this relief in this action.

First, FOIA does not provide for this sort of declaratory relief. Instead, FOIA specifically grants courts jurisdiction only to enjoin the withholding, or order the production, of records improperly withheld from the complainant. *See* 5 U.S.C. § 552(a)(4)(B).

Second, the declaratory relief requested will not affect Defendants' actions toward Plaintiff. Plaintiff has received the documents that she requested and alleges were wrongfully withheld, and any declaratory judgment would therefore constitute an impermissible advisory opinion.

Finally, Plaintiff lacks standing to seek the requested relief. Plaintiff does not allege that she will suffer any continuing injury (or imminent future injury) related to the ICE practice as to which she seeks declaratory relief.

### A. FOIA Does Not Provide for the Requested Declaratory Relief.

Plaintiff's request for a declaratory judgment should be dismissed: FOIA does not provide district courts with jurisdiction to enter declaratory judgments, and, in FOIA, Congress did not waive federal agencies' immunity from suit for claims seeking declaratory relief. FOIA provides that the Court "has jurisdiction to enjoin the agency from withholding agency records

and to order the production of any agency records improperly held from the complainant." 5 U.S.C. § 552(a)(4)(B). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed, and, similarly, waivers of sovereign immunity must be explicit and should be strictly construed in favor of the government. *See supra* at 4-5 (citing authority). Further, it has long been "well settled . . . [t]hat where a statute creates a right and provides a special remedy, that remedy is exclusive." *United States v. Babcock*, 250 U.S. 328, 331 (1919).

Here, Congress expressly provided for—and gave jurisdiction over and waived sovereign immunity for—injunctive relief to "enjoin the agency from withholding" and "order the production of any agency records improperly held from the complainant." 5 U.S.C. § 552(a)(4)(B). But Congress did not provide for—or give jurisdiction over or waive sovereign immunity for—judicial declarations that a "practice" pursuant to which requested agency records were allegedly wrongfully withheld violates FOIA.[5] The Court should not create an extra-statutory remedy not expressly provided by Congress in FOIA.

**B. Declaratory Relief Is Inappropriate Because There Is No Live Case or Controversy Between Plaintiff and Defendants.**

Even if Congress had provided for jurisdiction over claims for declaratory relief under FOIA, such jurisdiction would not extend to moot cases, such as this one. Actions seeking

---

[5] FOIA was amended in 1974 to provide for, among other things, de novo review of agency application of exemptions, fees and costs in FOIA cases in which the complainant "substantially prevail[s]," and the possibility of sanctions against individual agency employees in certain circumstances. Act of Nov. 21, 1974, Pub. L. No. 93-502, 88 Stat. 1561. Congress did not amend FOIA in 1974 to provide for the kind of declaratory relief Plaintiff seeks in this case. Nor did Congress amend FOIA to provide for such relief when it subsequently amended FOIA in 1996, 2007, or 2009. *See* Electronic Freedom of Information Act Amendments of 1996, PL 104-231, 110 Stat. 3048; Openness Promotes Effectiveness in our National Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524; OPEN FOIA Act of 2009, Pub. L. No. 111-83, § 564, 123 Stat. 2142, 2184.

declaratory relief "must be sustainable under the same mootness criteria that apply to any other lawsuit." *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) (internal quotation omitted). When courts "apply the mootness doctrine in the declaratory judgment context, [i]t is well established that what makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of *the defendant toward the plaintiff*." *Id.* (internal citations and quotations omitted) (emphasis in original); *see also Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curiam) ("A declaratory judgment, in this respect, is no different from any other judgment. It will constitute relief . . . if, and only if, it affects the behavior of the defendant *toward the plaintiff*.") (emphasis added).

Here, the requested declaratory relief would not affect the behavior of Defendants *toward Plaintiff*. Plaintiff is an attorney who submitted a FOIA request seeking records relating to her non-citizen fugitive alien client. Compl. ¶¶ 2, 8, 11-12. The requested records, however, have now been released. *See* Exs. B, D. Plaintiff does not purport to have submitted other FOIA requests on behalf of the same client, or other FOIA requests on behalf of other non-citizen fugitive alien clients; nor does Plaintiff purport to represent other non-citizen fugitive aliens whose records she intends to request under FOIA. Consequently, a declaratory judgment would not affect Defendants' behavior *toward Plaintiff* and would "run afoul of the Supreme Court's proscription against advisory opinions." *Jordan*, 654 F.3d at 1030; *see also Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 675-76 (7th Cir. 2009) (holding that the court lacked authority to issue a declaratory judgment that the agency violated FOIA after requested documents were released).

9

To be sure, some courts have recognized so-called "pattern and practice" claims under FOIA, finding that release of requested documents will not moot a claim where a plaintiff alleges "that an agency *policy or practice* will impair the party's lawful access to information in the future." *Newport Aeronautical Sales v. Department of Air Force*, 684 F.3d 160, 164 (D.C. Cir. 2012) (internal quotation omitted). But, Plaintiff's claim is subject to dismissal even under those precedents, as she does not allege that ICE's stated practice will impair *her* lawful access to information in the future. Moreover, the Tenth Circuit has never held that such a claim exists, *see Rocky Mtn. Wild, Inc. v. U.S. Forest Serv.*, No. 15-cv-0127-WJM-CBS, 2016 WL 362459, at *11 (D. Colo. Jan. 29, 2016) (unpub.) ("[O]nly the Ninth and D.C. Circuits have explicitly recognized a cause of action for a pattern or practice of FOIA violations."),[6] and other courts have questioned "[w]hether a court is authorized to make a pattern or practice determination under FOIA," *Nkihtaqmikon v. Bureau of Indian Aff.*, 672 F. Supp. 2d 154, 170 (D. Me. 2009); *cf. Pietrangelo v. U.S. Army*, 334 F. App'x 358, 360 (2d Cir. 2009) (unpub.) ("This Court has not yet recognized or articulated the inquiry relevant to a pattern or practice claim in the FOIA context.").

Courts that have recognized pattern and practice claims have relied on the Supreme Court's decision in *Renegotiation Board v. Bannercraft Clothing Company*, 415 U.S. 1 (1974). *See, e.g., Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (citing same);

---

[6] In *Liverman v. Office of the Inspector General*, the Tenth Circuit acknowledged a FOIA plaintiff's argument that the Office of Inspector General had a "pattern and practice" of not responding to his FOIA requests in a timely manner, but found the record insufficient to support any "pattern of delay in the OIG's responses to plaintiff's FOIA requests." 139 F. App'x 942, 944-45 (10th Cir. 2005) (unpub.) (affirming district court's finding that there was "no merit to this claim").

*Long v. IRS*, 693 F.2d 907, 909 (9th Cir. 1982) (citing same). *Bannercraft Clothing* did not involve a FOIA pattern and practice claim, or any other claim seeking prospective or declaratory relief under FOIA. Rather, the case "concern[ed] the jurisdiction of a federal district court to enjoin the renegotiation process [under the Renegotiation Act of 1951] until an FOIA claim is resolved." 415 U.S. at 3. And the Supreme Court ultimately held "only that in a renegotiation case the contractor is obliged to pursue its administrative remedy and, when it fails to do so, may not attain its ends through the route of judicial interference." *Id.* at 20. Although the Court did not decide the issue of district courts' jurisdiction to stay administrative proceedings pending resolution of a FOIA claim, it did state in dicta that FOIA did not limit courts' inherent equitable powers. *Id.* at 20. It is not clear from the opinion how the Court "persuade[d]" itself, *id.* at 19, that FOIA's "express grant of jurisdiction to enjoin in a specific way, coupled with a limited sanction," *id.* at 18, did not in fact mean "that the Act's provision for compelled production was intended to be the exclusive enforcement method," *id.* But the Court need not answer questions left open by *Bannercraft Clothing* in order to decide this case.[7]

There is no live case or controversy over any "pattern and practice" claim here: ICE's stated practice will not impair *this Plaintiff's* access to information in the future, and therefore any declaratory relief in *this case* would constitute an impermissible advisory opinion.

## C. Plaintiff Does Not Have Standing To Seek Declaratory Relief.

Plaintiff lacks standing to seek declaratory relief because she has not alleged any continuing harm or imminent future injury.

---

[7] In 1976, two years after *Bannercraft Clothing* was decided, Congress amended the Administrative Procedure Act ("APA") to waive sovereign immunity for suits against federal agencies seeking non-monetary relief. 5 U.S.C. § 702. Plaintiff has not asserted an APA claim.

11

For the Court to exercise jurisdiction under Article III of the Constitution, Plaintiff "must allege (and ultimately prove)" the three basic elements of standing—injury in fact, causation, and redressability. *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1087 (10th Cir. 2006) (en banc) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). An actionable "injury in fact" must be "'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). In general, "'[a]llegations of possible future injury' do not satisfy the injury in fact requirement." *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). And in actions seeking declaratory or other prospective relief, a plaintiff must demonstrate a continuing injury or an imminent threat of future injury from defendants' alleged misconduct. *See, e.g.*, *PETA v. Rasmussen*, 298 F.3d 1198, 1202 (10th Cir. 2002) ("Although a plaintiff may present evidence of a past injury to establish standing for retrospective relief, he must demonstrate a continuing injury to establish standing for prospective relief."); *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991) (To have standing to "maintain a declaratory or injunctive action," a plaintiff must "demonstrate a good chance of being likewise injured in the future.") (citing, *inter alia*, *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)). Any alleged continuing or imminent future injury must exist at the time of the filing of the complaint, because standing "is determined as of the time the action is brought." *Utah Ass'n of Counties v. Bush*, 455 F.3d 1094, 1099 (10th Cir. 2006) (internal quotation omitted).

Plaintiff lacks standing to seek declaratory relief because she does not allege any continuing harm or imminent future injury. Plaintiff submitted a single FOIA request on behalf of Ms. Sanchez. Compl. ¶¶ 11-12. Plaintiff alleges that, in response to that single FOIA

request, ICE wrongfully withheld certain documents, and did so pursuant to its "practice" of denying fugitive aliens access to records that could assist them in continuing to evade immigration enforcement. *Id.* ¶¶ 16-17, 29-30. But Plaintiff has not suffered, and does not allege that she suffered (or is suffering or will suffer or will continue to suffer), any harm beyond the alleged wrongful withholding in response to the single FOIA request. Plaintiff alleges no continuing or imminent future injury from ICE's stated practice that would be redressed by the requested relief. Plaintiff does not allege, for example, that she has other pending FOIA requests on behalf of other non-citizen fugitive alien clients that she expects will be denied pursuant to the challenged practice. Nor does Plaintiff allege that she represents other non-citizen fugitive aliens on whose behalf she intends to submit FOIA requests in the future.[8]

Because Plaintiff has not alleged a constitutionally cognizable injury from the challenged ICE practice, Plaintiff lacks standing to assert, and this Court lacks subject matter jurisdiction to hear, a claim for declaratory relief seeking to invalidate the practice.

### IV.   Plaintiff's Claim Against USCIS Should Be Dismissed on Additional Grounds.

In addition to the reasons for dismissing Plaintiff's Complaint against both Defendants, set forth above, Plaintiff's claim against USCIS is subject to dismissal on two additional bases: (A) the allegations in the Complaint fail to state a plausible claim against USCIS under FOIA, and (B) Plaintiff lacks standing to proceed against USCIS on the (additional) bases set forth below.

---

[8] Defendants do not concede that—and the Court need not decide whether—such allegations, had Plaintiff made them, would be sufficient to establish standing. Plaintiff did not make such allegations and does not allege any continuing harm or imminent future harm that might possibly establish her standing to pursue the requested declaratory relief.

### A. Plaintiff Fails To State a Claim against USCIS under FOIA.

To state a plausible claim against USCIS, Plaintiff had to plead sufficient facts to support the legal elements of her claim and "allow[] the court to draw the reasonable inference that *the defendant is liable* for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added); *see also id.* at 679, 682-83. In assessing plausibility, allegations that are compatible with lawful behavior do not plausibly suggest an entitlement to relief. *Id.* at 679-80.

First, Plaintiff's allegations do not plausibly establish the legal elements of a FOIA claim against USCIS. To state a claim for relief under FOIA, Plaintiff had to allege facts to support that (1) she made a proper request, in response to which USCIS (2) improperly, (3) withheld, (4) agency records. *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

Plaintiff's factual allegations do not plausibly show that USCIS "improperly withheld" agency records. *See Kissinger v. Reporters Committee for Freedom of Press*, 445 U.S. 136, 150 (1980) (FOIA claim requires improper withholding of agency records.). Indeed, Plaintiff alleges only that USCIS "referred" certain potentially responsive records to ICE. Compl. ¶¶ 14, 28; *see also* Ex. B.[9] But the Department of Homeland Security's FOIA regulations expressly provide for such a referral. *See* 6 C.F.R. § 5.4(d) (requests for records originated by another component containing information related to an investigation of a possible violation of law shall be referred to the other component or the other component shall be consulted); *see also id.* § 5.4(f) (providing for notice of referral to requester). Plaintiff's allegations are entirely

---

[9] USCIS also contemporaneously released more than 30 pages of records related to Ms. Sanchez to Plaintiff. *See* Ex. B. Although Plaintiff omitted this fact from her Complaint, it is properly before the Court in considering whether Plaintiff has stated a claim under FOIA against USCIS. *See supra* notes 1, 2.

consistent with lawful behavior and fail to state a plausible claim that USCIS "improperly withheld" agency records.

Second, in addition to the defects discussed above, Plaintiff's challenge to ICE's FOIA "practice" does not state a claim against USCIS. *See* Compl. ¶¶ 16-17, 21-24; *see also id.* at 7 ¶ b (seeking declaration regarding "ICE's stated policy"). Plaintiff's purported challenge to an *ICE practice* does not state a claim *against USCIS* on which declaratory relief can be granted.

### B. Plaintiff Lacks Standing To Proceed Against USCIS.

For largely the same reasons, Plaintiff's claim against USCIS should be dismissed for lack of subject matter jurisdiction. (*See supra* at 11-12 (discussing elements of constitutional standing).) Plaintiff has not alleged facts to suggest that any conduct by USCIS—as opposed to intervening acts by ICE—caused her alleged injuries. And Plaintiff's alleged harm would not be redressed by an order directed to USCIS. Plaintiff therefore lacks standing to assert a claim against USCIS.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against ICE and USCIS should be dismissed for lack of subject matter jurisdiction and/or failure to state a claim on which relief can be granted.

DATED: October 31, 2016          Respectfully Submitted,

Robert C. Troyer
Acting United States Attorney

*s/ Ian J. Kellogg*
Ian J. Kellogg
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado   80202
Telephone:(303) 454-0100
Fax: (303) 454-0407
ian.kellogg@usoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2016, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

    Dan@CulhaneLaw.com
    msilverstein@aclu−co.org
    sneel@aclu−co.org

*s/ Ian J. Kellogg*
Ian J. Kellogg