# Exhibit D



*Freedom of Information Act Office*

U.S. Department of Homeland Security
500 12th St SW, Stop 5009
Washington, DC 20536

**U.S. Immigration and Customs Enforcement**

September 27, 2016

Jennifer Smith
C/O Daniel Culhane, Esq.
1600 Broadway, Suite 1600
Denver, CO 80202

RE: ICE FOIA Case Number 2016-ICLI-00026; *Jennifer Smith v. U.S. Immigration and Customs Enforcement et. al.* (16-cv-02137)

Dear Mr. Culhane:

This is the final response to your Freedom of Information Act (FOIA) request to U.S. Citizenship and Immigration Services (USCIS) dated August 24, 2016. You are seeking to obtain any and all records of entry into the United States or departures from the United States after January 1, 2005, any and all records of I-94's pertaining to Ms. MARTA ALICIA DEL CARMEN ORELLANA SANCHEZ after January 1, 2005.

A search of USCIS for records responsive to your request produced records that originated from U.S. Immigration and Customs Enforcement (ICE). USCIS referred these records to ICE for review and processing under the FOIA, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a.

After review of the records referred by USCIS, I have determined that portions of the documents will be withheld pursuant to Exemptions of the FOIA and Privacy Act. The specific Exemptions applied are identified within the enclosed documents. Descriptions of those Exemptions are enclosed.

If you need to contact ICE about this matter, please call Trial Attorney Ian Kellogg at (303) 454-0278 and refer to FOIA case number **2016-ICLI-00026**.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

CC: Ian Kellogg
Assistant U.S. Attorney
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80207

**Privacy Act Exemption (k)(2)** exempts from mandatory disclosure investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence.

**FOIA Exemption 3** protects information specifically exempted from disclosure by another statute, if the statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) established particular criteria for withholding or refers to particular types of matters to be withheld.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.