## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02137 WJM-KLM

JENNIFER M. SMITH,

    Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Defendant.

---

## FIRST AMENDED COMPLAINT

---

### Introduction

1.      This is a Freedom of Information Act ("FOIA") case filed by plaintiff Jennifer Smith, an immigration attorney, which originally sought to obtain the release of agency records held by the defendant and to challenge defendant's practice of withholding documents otherwise subject to a FOIA request for reasons outside the statutory exemptions.

2.      As originally filed, this case concerned 18 pages of documents related to one of Ms. Smith's non-citizen clients that defendant U.S. Immigration and Customs Enforcement ("ICE") refused to provide to Ms. Smith. The agency relied on what defendant characterized as its "practice" of denying access to the FOIA process to persons ICE deems to be  "fugitive alien FOIA requesters." Because this justification for denial that the government has adopted as a "practice" does not fall within one of the statutorily designated exemptions to the Freedom of Information Act, defendant improperly withheld agency records from Ms. Smith.

3.      On September 27, 2016, while this action was pending, ICE released the records related to Ms. Smith's client that ICE had previously withheld under its illegal practice.

1

4.    Ms. Smith brought this action not just to obtain the documents responsive to the individual FOIA request that the government wrongfully denied, but also to challenge the government's admitted *practice* of violating FOIA in response to certain requests thereunder. Although ICE has since released the responsive documents that were the subject of the original complaint in this case, the government's illegal practice is ongoing.  Thus, the remaining claim in this case is a challenge to ICE's "practice" of denying access to records otherwise disclosable under FOIA to persons it deems to be "fugitive alien FOIA requesters."

**Jurisdiction and Venue**

5.    This Court has personal and subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6.    Venue is proper in the District of Colorado pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7.    Ms. Smith has exhausted all applicable administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

**Parties**

8.    Jennifer M. Smith is a United States citizen and an attorney and resident of the State of Colorado.

9.    ICE is an "agency" within the meaning of FOIA, 5 U.S.C. § 552(f)(1).

**Statement of Facts**

10.    Plaintiff Jennifer Smith is an attorney who specializes in immigration and naturalization. Ms. Smith practices in the name of her law firm, Law Office of Jennifer Smith, PC, and personally represents all of her firm's clients.

11.     One of Ms. Smith's clients is Marta Alicia del Carmen Orellana Sanchez (Ms. Sanchez). Ms. Sanchez retained Ms. Smith to assist with resolving concerns about Ms. Sanchez's immigration status.

12.     Attorneys representing non-citizens in immigration proceedings, such as in this case, have few discovery options. Generally, an attorney can obtain her client's immigration file only by filing a Freedom of Information Act (FOIA) request.

13.     As an immigration attorney, plaintiff regularly submits FOIA requests to obtain documents necessary to represent her clients, including Ms. Sanchez and other clients, some of whom ICE has deemed "fugitives."

14.     The Freedom of Information Act, 5 U.S.C. §552, generally states federal agencies shall make requested records promptly available to any person who makes a proper request. 5 U.S.C. §552(a)(3). If an agency denies all or part of a FOIA request, it must do so under the statutorily designated exemptions. 5 U.S.C. §552(b). There are nine statutory exemptions provided at 5 U.S.C. § 552(b):

- (b)(1) National Security Information
- (b)(2) Internal personnel rules and practices
- (b)(3) Information exempt under other laws
- (b)(4) Confidential business information
- (b)(5) Privileged agency communications
- (b)(6) Personal Privacy
- (b)(7) Law Enforcement Records
- (b)(8) Financial Institutions
- (b)(9) Geological Information

### *2013 USCIS FOIA Request*

15.     In order for Ms. Smith to determine what steps, if any, needed to be taken on behalf of Ms. Sanchez, on or around May 22, 2013, Ms. Smith submitted a FOIA request to U.S. Citizen and Immigration Services ("USCIS").

16.     Specifically, Ms. Smith's FOIA request sought Ms. Sanchez's "Complete Alien File (A-File)" and "any and all records of entry into the United States or departures from the United States after January 1, 2005" and "any and all records of I-94s pertaining to this person after January 1, 2005." This information was necessary for Ms. Smith to properly analyze how best to advocate on behalf of Ms. Sanchez.

17.     On June 6, 2013, USCIS acknowledged the receipt of Ms. Smith's request and assigned the request control number: NRC2013059574.

18.     On August 19, 2013, USCIS responded to the FOIA request and informed Ms. Smith that the agency had located 18 documents that were potentially responsive agency documents that may have originated from ICE. As a result, USCIS stated that it "referred" the 18 documents and a copy of Ms. Smith's FOIA request to ICE for consideration and a response.

19.     When USCIS produced documents to Ms. Smith, the 18 pages that had been referred to ICE were blank except for the words "Referred to Immigration and Customs Enforcement" printed at the top. USCIS provided no basis for withholding the 18 pages of documents under any of the FOIA exceptions enumerated above, or for any reason at all. Instead, USCIS apparently takes the position that it satisfied its FOIA obligations by "referring" the documents and FOIA request to ICE for further handling.

### *2015 ICE FOIA Response*

20.     On September 3, 2015 (more than two years after the FOIA request was submitted to USCIS), ICE responded to Ms. Smith as follows:

> ICE's records indicate that as of September 3, 2015, the subject of your request is a fugitive under the Immigration and Nationality Act of the United States. It is ICE's practice to deny fugitive alien FOIA requesters access to the FOIA process when the records requested could assist the alien in continuing to evade immigration enforcement efforts.

*See* ICE's response letter dated September 3, 2015, attached hereto as **Exhibit 1**.

21.     Defendant ICE's response to Ms. Smith's FOIA request is devoid of any legal citation or reference to any of the FOIA's statutory exemptions listed above. ICE relies solely on what it characterizes as its "practice" of denying access to the FOIA process to persons the agency regards as "fugitive alien FOIA requesters." *See* **Exhibit 1**.

### *Exhaustion of Administrative Remedies*

22.     On October 8, 2015, Ms. Smith filed a timely appeal of ICE's denial.

23.     On October 22, 2015, ICE acknowledged receipt of Ms. Smith's appeal and assigned an appeal request number (2015-ICFO-25633) and a tracking number (2016-ICAP-00051) to the appeal.

24.     The agency did not make a determination with regard to Ms. Smith's appeal within the 20-day statutory requirement. 5 U.S.C. § 552 (a)(6)(A)(ii). Because ICE failed to make a timely determination as to Ms. Smith's appeal, Ms. Smith is deemed to have exhausted her administrative remedies.

### *ICE's Illegal Practice Directly Injures Immigration Attorneys Like Plaintiff*

25.     ICE's "practice" of denying access to the FOIA process imposes significant burdens on lawyers, like Ms. Smith, who represent non-citizens in connection with immigration issues.  In many cases, lawyers cannot effectively represent their non-citizen clients—or even determine whether there is a way to help them—without access to information or records the client may be unable to provide.

26.     Many non-citizens lack familiarity with the immigration system and U.S. law enforcement in general, and do not know or understand the difference between various agencies with which they might interact. The Department of Homeland Security, for example, has several

branches that a non-citizen may encounter, but with different roles within the system. These agencies include, among others, Customs and Border Patrol, ICE, and USCIS. Often, non-citizens (and citizen non-lawyers, for that matter) may simply know they are talking to an officer wearing a badge, without understanding what jurisdiction and/or authority that person represents. Thus, a non-citizen's understanding of a contact with government agents is often insufficient to inform an immigration attorney as to what occurred and the outcome of any agency investigation.

27.     Furthermore, the client may not remember events that occurred long ago, or may not have received mailings or notices from USCIS and/or ICE. In other cases, the non-citizen might be unaware of proceedings that occurred where the non-citizen was not present, or if present, where the non-citizen failed to understand what happened, or the significance of what happened. Or there may be procedural irregularities that a lawyer could discern from the government's documents that her client, as a layperson, might not recognize. Or, in some cases it is possible that a deportation order issued *in absentia* that the non-citizen knows nothing about. Or a non-citizen may not know whether a claim of asylum was properly acted on, or was even presented to the proper agency.

28.     As a result, immigrants seeking legal advice may be unable to explain to their attorney which agency they met with, and what type of interaction transpired, and what the legal issues may be. In these circumstances the only way the non-citizen's lawyer may obtain this kind of information is through a FOIA request. Without access to the FOIA process, a lawyer may have literally no place to start in assisting her client.

*Ongoing Harm and Substantial Likelihood of Future Harm*

29.     On September 27, 2016, while this case was pending, Ms. Smith's law firm received yet another letter from ICE denying a FOIA request in connection with the representation of another immigration client. A true and correct copy of the second ICE letter is attached hereto as **Exhibit 2.** In that letter, the government once again invoked and relied on the identical practice that this case challenges: "It is ICE's practice to deny fugitive alien FOIA requesters access to the FOIA process when the records requested could assist the alien in continuing to evade immigration enforcement efforts." *See* **Exhibit 2.**

30.     On the same day, September 27, 2016, ICE released the records related to Ms. Smith's specific client, Ms. Sanchez, that ICE had previously withheld under its illegal practice. In short, the government's left hand "cured" one FOIA violation under its illegal practice, while its right hand initiated a new FOIA violation under the same illegal practice.

31.     Ms. Smith has made (and in the future will continue to make) FOIA requests on a regular basis to various agencies of the Department of Homeland Security, including USCIS, just like the requests that are the subjects of **Exhibits 1** and **2**.

32.     For example, in July 2015, another of Ms. Smith's FOIA requests was also denied by ICE based on the challenged practice.  Ms. Smith appealed that denial, and on July 31, 2015, ICE denied the appeal, affirming the practice challenged in this case..

33.     USCIS consistently refers immigration attorneys' requests for their client's A-Files (like the records sought for Ms. Sanchez and Ms. Smith's other non-citizen clients) to ICE, rather than simply releasing the records to the requesting attorney, like Ms. Smith.

34.     The challenged practice in this case, which ICE  identified and relied on in its letters denying FOIA requests (**Exh. 1** and **Exh. 2 hereto**), constitutes a violation of Ms. Smith's

rights under FOIA to obtain public records.  In addition, the government's illegal practice further injures Ms. Smith by impairing her ability to represent her clients fully and effectively when documents related to them are illegally withheld.

35.     Because Ms. Smith regularly submits FOIA requests to the government that are related to non-citizen clients who may be deemed "fugitives" by ICE, and because she plans to continue to do so in the future, the government's illegal practice subjects Ms. Smith to substantial likelihood of ongoing and/or future injury, both by depriving Ms. Smith of her rights under FOIA and by impairing Ms. Smith's ability to fully and effectively represent her clients.

36.     The government has made no effort to curtail or cease its illegal practice, which remains widespread and ongoing.

## CLAIM FOR RELIEF
### *Redress of Pattern or Practice of FOIA Violations*

37.     Ms. Smith restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if set forth fully herein.

38.     Defendant and USCIS are agencies subject to FOIA, 5 U.S.C. § 552(f). In response to a FOIA request, they must release any disclosable records in their possession at the time of the request and provide a lawful reason for withholding any materials as to which they claim an exemption, 5 U.S.C. § 552(a)(3).

39.     Ms. Smith regularly submits (and in the future will continue to submit) proper FOIA requests to USCIS in connection with representing non-citizens in her immigration practice. Two of those requests are the subject of the letters attached hereto as **Exhibit 1** and **Exhibit 2**.

40.     USCIS "referred" the requests referenced in the letters attached hereto as **Exhibit 1** and **Exhibit 2** to ICE, which triggers ICE's obligations to Ms. Smith under FOIA.

8

41.     To the extent that USCIS and ICE have located responsive records, but failed to produce or provide a valid reason for withholding them, that failure violates the FOIA, 5 U.S.C. § 552(a)(3).

42.     Defendant has improperly withheld agency records in violation of 5 U.S.C. § 552(a)(6)(A).

43.     The government admits it engages in the following "practice":

It is ICE's practice to deny fugitive alien FOIA requesters access to the FOIA process when the records requested could assist the alien in continuing to evade immigration enforcement efforts.

44.     The foregoing "practice" is illegal under FOIA, and results in the illegal withholding of documents under FOIA whenever it is applied.

45.     The government's violations of FOIA as alleged herein were not isolated incidents, but were undertaken under the government's stated illegal "practice."

46.     Ms. Smith was personally harmed on at least two occasions by the government's illegal "practice."

47.     Ms. Smith personally has a significant likelihood of future harm from the challenged illegal "practice."

**WHEREFORE**, Ms. Smith seeks judgment in her favor and asks the Court to grant the following relief:

a.     Declare that defendant ICE's stated "practice" of denying access to records otherwise obtainable under the FOIA process pertaining to persons it deems to be "fugitive alien FOIA requesters" is in violation of the FOIA;

b.     Permanently enjoin ICE's stated "practice" of denying access to records otherwise obtainable under the FOIA process pertaining to persons it deems to be "fugitive alien FOIA requesters";

c.      Award Ms. Smith her costs and reasonable attorneys' fees incurred in this action; and

d.      Grant such other relief as the Court may deem just and proper.

Respectfully submitted this 12th day of January, 2017.

DANIEL J. CULHANE LLC

s/ Daniel J. Culhane

_____
Daniel J. Culhane
1600 Broadway, Suite 1600
Denver, CO 80202
Telephone: 303.945.2070
Facsimile: 720.420.5998
Dan@CulhaneLaw.com

*AS COOPERATING ATTORNEY FOR THE
ACLU FOUNDATION OF COLORADO*

Mark Silverstein
Sara R. Neel
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 E. 17th Avenue, Suite 350
Denver, CO 80203
Telephone: 720.402.3107
Facsimile: 303.777.1773
msilverstein@aclu-co.org
sneel@aclu-co.org

**Attorneys for Plaintiff**

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, together with all attachments and supporting documents, if any, was filed electronically with the ECF system, which will send notifications of such filing(s) to all counsel of record.

*s/ Daniel J. Culhane*