**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02137-WJM-KLM

JENNIFER M. SMITH,

      Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

      Defendant.

---

**ANSWER TO FIRST AMENDED COMPLAINT**

---

      Defendant U.S. Immigration and Customs Enforcement ("ICE") answers Plaintiff's First Amended Complaint (ECF No. 32) as follows:

      1.      Paragraph 1 contains Plaintiff's characterization of her lawsuit, to which no response is required.   To the extent a response is required, ICE admits that Plaintiff filed suit under the Freedom of Information Act ("FOIA") and admits that Plaintiff's original complaint sought the release of agency records; ICE otherwise denies the allegations.

      2.      Paragraph 2 sets forth Plaintiff's characterization of her original complaint, to which no response is required.   To the extent a response is required, ICE states that Plaintiff's original complaint (ECF No. 1) speaks for itself and is the best evidence of its contents and otherwise denies the allegations.

      3.      In response to the allegations in paragraph 3, ICE admits that it released the records that were the subject of Plaintiff's original complaint on or around September 27, 2016,

and that this civil action was pending at the time.   ICE otherwise denies Plaintiff's allegations and characterizations.

4.      ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 4, which relate to Plaintiff's purpose in filing suit.   In response to the allegations in the second sentence of paragraph 4, ICE admits that it released the documents that were the subject of Plaintiff's original complaint and that, as of the date of this Answer, it continues to employ its practice of denying access to records to fugitive alien FOIA requesters when the requested records could assist the alien in continuing to evade immigration enforcement efforts; ICE otherwise denies Plaintiff's allegations and characterizations.   The third sentence of paragraph 4 contains Plaintiff's characterization of the claim in her first amended complaint and requires no response.   To the extent a response is required, ICE admits that Plaintiff purports to challenge ICE's practice in this lawsuit.

5.      Paragraph 5 sets forth legal conclusions to which no responses are required.   To the extent a response is required, ICE admits that the Court has personal jurisdiction over Defendant but denies, absent proof from Plaintiff that she has standing to seek the requested relief, that the Court has subject matter jurisdiction over this action.

6.      Paragraph 6 sets forth a legal conclusion to which no response is required.   To the extent a response is required, ICE admits that venue is proper in this district.

7.      Paragraph 7 sets forth a legal conclusion to which no response is required.   To the extent a response is required, ICE admits that, with respect to the records Plaintiff sought to have released in her original complaint, Plaintiff was deemed to have exhausted her administrative remedies.

8.      ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9.      Paragraph 9 sets forth a legal conclusion to which no response is required.   To the extent a response is required, admitted.

10.     ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11.     ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12.     Denied.

13.     ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.     Paragraph 14 sets forth legal conclusions to which no responses are required; ICE affirmatively states that FOIA speaks for itself and is the best evidence of its contents.

15.     In response to the allegations in paragraph 15, ICE admits that Plaintiff submitted a FOIA request to former defendant U.S. Citizen and Immigration Services ("USCIS"), a separate component of the U.S. Department of Homeland Security ("DHS"), seeking records related to Marta Alicia del Carmen Orellana Sanchez on or around May 22, 2013.

16.     In response to the allegations in the first sentence of paragraph 16, ICE states that the FOIA request submitted by Ms. Smith (ECF No. 15-1) speaks for itself and is the best evidence of its contents.   ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations in second sentence of paragraph 16.

17.     Admitted.

3

18.     In response to the allegations in paragraph 18, ICE states that USCIS's response dated August 19, 2013 (ECF No. 15-2) speaks for itself and is the best evidence of its contents; Plaintiff's allegations are denied to the extent they are contrary to, or not set forth within, the document(s) to which Plaintiff's allegations pertain.   ICE affirmatively states that in responding to Ms. Smith's FOIA request, USCIS released 17 pages of records related to Ms. Sanchez in full, released 13 pages in part, subject to redactions necessitated by certain FOIA exemptions, and withheld two pages pursuant to FOIA exemption (b)(5).

19.     In response to the allegations in the first sentence of paragraph 19, ICE states that the records released by USCIS to Ms. Smith speak for themselves and are the best evidence of their contents; Plaintiff's allegations are denied to the extent they are contrary to, or not set forth within, the document(s) to which Plaintiff's allegations pertain.   ICE denies the allegations in the second sentence of paragraph 19.   ICE denies the allegations in the third sentence of paragraph 19 and affirmatively states that the Department of Homeland Security's FOIA regulations, 6 C.F.R. § 5.4(d), (f), expressly required USCIS to refer these documents to ICE and provide notice of the referral to Plaintiff.

20.     In response to the allegations in paragraph 20, ICE states that the letter referred to as Exhibit 1 to Plaintiff's Amended Complaint speaks for itself and is the best evidence of its contents.

21.     In response to the allegations in paragraph 21, ICE states that the letter referred to as Exhibit 1 to Plaintiff's Amended Complaint speaks for itself and is the best evidence of its contents.

22.     Admitted.

23.     Admitted.

24.     Admitted with respect to the FOIA request seeking agency records underlying Plaintiff's Exhibit 1.   Except as specifically admitted, denied.

25.     Denied.

26.     ICE admits that Customs and Border Patrol, ICE, and USCIS are separate components of DHS, and that a non-citizen may encounter representatives from those components.   ICE otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26.

27.     ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.     ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, ICE states that the letter referred to as Exhibit 2 to Plaintiff's Amended Complaint speaks for itself and is the best evidence of its contents; Plaintiff's allegations are denied to the extent they are contrary to, or not set forth within, the document to which Plaintiff's allegations pertain.   ICE affirmatively states that the letter attached as Exhibit 2 was addressed to a "Ms. Brown," who appears to no longer be affiliated with Plaintiff's law firm.

30.     In response to the allegations in the first sentence of paragraph 30, ICE admits that, on or around September 27, 2016, it processed Plaintiff's administrative FOIA appeal and released records related to Ms. Sanchez that were the subject of Plaintiff's original complaint. Plaintiff's allegations in paragraph 30 are otherwise denied.

31.    ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.    ICE admits that, in July 2015, it denied a FOIA request submitted by Ms. Smith based on the challenged practice, that Ms. Smith appealed that denial, and that her appeal was denied on July 31, 2015.   Except as specifically admitted, denied.   ICE affirmatively states that the July 31, 2015 administrative appeal denial letter speaks for itself and is the best evidence of its contents.

33.    ICE admits that, as required by federal law, USCIS refers certain FOIA requests to ICE.   Except as specifically admitted, ICE denies the allegations and characterizations in paragraph 33.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Paragraph 37 incorporates Plaintiff's prior allegations, and no response is required.   To the extent a response is required, ICE incorporates its prior responses.

38.    Paragraph 38 sets forth a legal conclusion to which no response is required.   To the extent a response is required, ICE admits that USCIS and ICE are components of a federal agency, DHS.   The second sentence of paragraph 38 sets forth Plaintiff's characterization of a statute, to which no response is required; FOIA speaks for itself and is the best evidence of its contents.

39.    ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations in first sentence of paragraph 39.   In response to the allegations in the second

sentence, ICE states that the letters attached as Exhibits 1 and 2 to Plaintiff's First Amended

Complaint speak for themselves and are the best evidence of their contents.

40.     ICE admits that USCIS referred the requests reference in Exhibits 1 and 2 to ICE,

which triggered ICE's obligations under FOIA.   ICE admits that the request referenced in

Exhibit 1 was made by Plaintiff and therefore any obligations ICE had under FOIA with respect

to that request were owed to Plaintiff.   ICE affirmatively states that Plaintiff, Jennifer Smith, did

not submit the FOIA request that is the subject of Plaintiff's Exhibit 2.   Except as specifically

admitted, denied.

41.     Paragraph 41 sets forth a conditional legal conclusion to which no response is

required.   The statute speaks for itself and is the best evidence of its contents.   ICE

affirmatively states that it has released all non-exempt records located in response to the requests

underlying Exhibits 1 and 2.

42.     Paragraph 42 sets forth a legal conclusion to which no response is required.   To

the extent a response is required, ICE denies the allegation.

43.     ICE denies the allegations in paragraph 43.   ICE affirmatively states that the

"government" is not a defendant in this case.   To the extent that Plaintiff meant to allege that

ICE admits that it engages in the quoted practice, ICE admits that allegation.

44.     Denied.

45.     In response to the allegations in paragraph 45, ICE admits that it engages in the

practice Plaintiff seeks to challenge in this lawsuit.   Except as specifically admitted, denied.

46.     ICE lacks knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 46.

47.     ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

Plaintiff's WHEREFORE clause sets forth the relief Plaintiff is requesting from the Court, and no response is required. To the extent a response is required, ICE denies that Plaintiff is entitled to the relief requested.

## DEFENSES

1.      Except as specifically admitted, ICE denies the allegations in Plaintiff's First Amended Complaint.

2.      Plaintiff lacks standing to seek the requested relief.

3.      The Court lacks subject matter jurisdiction over Plaintiff's claim.

4.      Plaintiff's First Amended Complaint fails to state a claim on which relief can be granted under FOIA.

5.      Plaintiff's claims are limited to those which she properly exhausted

6.      Plaintiff's claim should be dismissed to the extent such claim is barred by the Court's equitable application of the fugitive disentitlement doctrine.

7.      In response to Plaintiff's FOIA requests referred to it by USCIS, ICE conducted a reasonable search and did not unlawfully withhold any agency records.

DATED:   April 19, 2017                    Respectfully Submitted,

                                           ROBERT C. TROYER
                                           Acting United States Attorney

                                           *s/ Ian J. Kellogg*
                                           Ian J. Kellogg
                                           David Z. Moskowitz
                                           Assistant United States Attorneys
                                           1801 California Street, Suite 1600
                                           Denver, Colorado 80202
                                           Telephone: (303) 454-0100
                                           Fax: (303) 454-0407
                                           ian.kellogg@usoj.gov
                                           david.moskowitz@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following e-mail addresses:

     Dan@CulhaneLaw.com
     msilverstein@aclu−co.org
     sneel@aclu−co.org

                                       *s/ Ian J. Kellogg*
                                       Ian J. Kellogg