

**U.S. Department of Homeland Security**
500 12th St. SW; STOP 5009
Washington, DC 20546-5009

# Standard Operating Procedure (SOP)

## Office of the Principal Legal Advisor (OPLA)

## FOIA Requests Made By, or On Behalf of, Fugitive Aliens

### I.   Purpose / Application of SOP

This SOP provides internal ICE guidance regarding Freedom of Information Act (FOIA) requests submitted solely by or on behalf of aliens (as defined in the Immigration and Nationality Act) who are considered fugitives as defined below, and FOIA appeals adjudicated by ICE related to FOIA requests submitted by or on behalf of fugitive aliens.

There are two types of FOIA requests routinely processed by ICE FOIA:  FOIA requests submitted directly to ICE and requests originating from another DHS component and thereafter referred to ICE for its direct response (referrals).  Requests submitted by individuals directly to ICE are typically for records that are kept in the agency's law enforcement databases.  Such records may include, but are not limited to, investigatory records, records of ICE encounters with an aliens, attorney notes, and officers' investigatory notes.

By contrast, referrals from another DHS component are typically requests for an alien's A-file, which are initially received by United States Citizens and Immigration Services (USCIS). While processing those requests USCIS may encounter records created by or under the purview of ICE within an A-file.  USCIS will then refer those records to ICE for processing and direct response to the requestor.  ICE records in a referral typically include, but are not limited to, immigration court materials, records related to bonds, and records related to detention or alternatives to detention. The practice described below applies only to FOIA requests submitted directly to ICE, which are more likely to implicate law enforcement equities than requests for portions of A-files referred to ICE. Referrals are processed in the ordinary course and categorical withholding based on the alien's fugitive status does not apply.

### II.   Administrative Level Processing

When a FOIA request is made directly to ICE and is received by the ICE FOIA Office, ICE FOIA consults with ICE's Office of Enforcement and Removal Operations (ERO), Information Disclosure Unit (IDU) to ascertain whether or not an alien is in fugitive status.

For FOIA purposes, a fugitive is any subject, not in ICE custody, who:

- Is an alien who received either a grant of voluntary departure or a removal order, and was instructed to depart or to report to ICE with proof of planned departure to his or her nation of citizenship, and failed to do so;
- Is an alien who has failed to report to an ICE officer after receiving a legal order to do so;
- Is an alien who has failed to comply with any conditions placed on him/her;
- Is an alien who has failed to comply with the provisions of any program that requires him/her to report to ICE for any reason; or
- Is wanted by ICE for criminal violations of the Titles 8, 18, 19 and 21.

ERO communicates to the ICE FOIA Office an alien's fugitive status. If ERO informs ICE FOIA that an alien is classified as a fugitive for FOIA purposes, ICE FOIA may categorically withhold the fugitive's law enforcement records or information pursuant to FOIA Exemption (b)(7)(A), 5 U.S.C. § 552(b)(7)(A), which permits the withholding of records or information compiled for law enforcement purposes to the extent that production of law enforcement records or information could reasonably be expected to interfere with law enforcement proceedings, and the fugitive disentitlement doctrine. In the response letter, the ICE FOIA Office will expressly note the alien's fugitive status, as well as Exemption 7(A), as the basis for the withholding.

Requestors then have the ability to appeal the initial determination made by the ICE FOIA Office to the Office of the Principal Legal Advisor (OPLA). Any appeal is reviewed *de novo*.

### III. Appeal Procedures

Upon receipt of a FOIA appeal challenging ICE FOIA's initial determination on a FOIA request submitted by or on behalf of a fugitive, the OPLA attorney assigned to the appeal will:

1. Review the initial FOIA request and the entire administrative record.
2. Consult with ERO to verify fugitive status and make sure the requestor remains a fugitive (e.g. the alien has not surrendered or attained any status in the United States).
3. Review the claim(s), statements, and any information provided in the appeal.
4. Search for the alien in OPLA's case management system and review the alien's immigration history.
    a. OPLA attorneys should look for the specific reason for the alien's fugitive status (e.g., how did the alien receive a removal order?). OPLA attorneys should check all relevant systems for information pertaining to the alien's case, watching for any information that may be relevant to the determination that the alien is a fugitive. If appropriate, the OPLA attorney should reach out to the relevant Office of Chief Counsel to obtain a summary of recent events pertaining to the alien's case or to clarify anything located in internal systems, as needed.
5. Review the documents provided by ICE Offices in response to the FOIA tasking.

6. The OPLA attorney must thoroughly evaluate the contents of the appeal, the alien's immigration history, and the requested documentation to ensure that there is a connection between the documents requested and the alien's continued evasion of law enforcement efforts.
    a. This will be a case-by-case determination. If there are questions, consult with a supervisor.
7. The OPLA attorney will adjudicate the appeal, referencing in the adjudication letter whether ICE has determined that a connection exists between the requested documents and the alien's continued evasion of law enforcement.

Should the OPLA attorney not find a connection between the requested documents and the alien's fugitive status, the OPLA attorney will:

1. Remand the FOIA request to the ICE FOIA Office for processing and direct response to the requestor.
2. Indicate to ICE FOIA that a legal determination was made by ICE OPLA that the records in this case would not be entitled to application of the FDD and FOIA Exemption (b)(7)(A) due to *(explain the factors for the legal determination here)*.
3. Update the FOIA Appeal case in internal systems accordingly.