# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02137-WJM-KLM

JENNIFER M. SMITH,

    Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Defendant.

---

## RESPONSE TO REVISED MOTION FOR LEAVE TO TAKE RULE 30(b)(6) DEPOSITION OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT [69]

---

The Court should deny Plaintiff's renewed motion for leave to depose a representative of U.S. Immigration and Customs Enforcement ("ICE"). Plaintiff has not demonstrated good cause for the requested relief in this FOIA action, in which discovery is disfavored. The premise for Plaintiff's motion—that ICE is hiding an alternative practice applied to FOIA requests from fugitive aliens, and she needs discovery to explore that hidden practice—is wrong.

This case involves Plaintiff's facial challenge to an ICE FOIA practice. Plaintiff alleges that ICE's practice in responding to FOIA requests submitted by fugitive aliens "is illegal under FOIA, and results in the illegal withholding of documents under FOIA whenever it is applied." (ECF No. 32 ¶ 44.) The sole claim in this FOIA case is for prospective injunctive and declaratory relief. (*Id.* at 9; *see also id.* ¶¶ 4, 44; ECF No. 69 at 10.) Plaintiff's claim, as she has previously acknowledged, presents a purely legal question. (*See, e.g.*, ECF No. 49 at 2 ("The sole issue to be determined is the legality of the government's FOIA practice."); *id.* (The Court is being asked to determine "whether records must be produced under FOIA *as a matter of*

*law*.") (emphasis in original); *see also* ECF No. 50 at 7-8 (arguing same).)

ICE's practice for handling FOIA requests made by or on behalf of fugitive aliens is set forth in a Standard Operating Procedure ("SOP") issued by ICE's Office of the Principal Legal Advisor ("OPLA"). (*See* ECF No. 60-1 at 9; ECF No. 60-2.) Plaintiff has a copy of the SOP (ECF No. 60-2), which Defendant provided to Plaintiff pursuant to the Court's Order allowing Plaintiff to request the "most current version of [ICE's] written policy or policies with regard to the challenged practice" (ECF No. 51 at 2).

In her motion, Plaintiff again contends that, by "'disclosing' the new SOP in discovery responses," Defendant "obscured," "conceal[ed]," and "elide[d]" the continued existence of a different, undisclosed practice for responding to FOIA requests from fugitive aliens. (ECF No. 69 at 2, 3, 7, 11, 12; *see also* ECF No. 60 at 2, 3 (claiming that ICE "obscure[d]," "deflect[ed]," and "conceal[ed] the continued operation" of a prior practice).) Plaintiff's contention is unfounded. As reflected in Defendant's discovery responses, stated by ICE's counsel on the record before this Court, and—for the avoidance of any doubt—set forth in the attached declaration: the SOP governs ICE's treatment of FOIA requests by or on behalf of fugitive aliens, and there is no other practice applied by ICE to FOIA requests submitted by or on behalf of fugitive aliens. (*See* Declaration of Fernando Pineiro ¶ 4.)

Plaintiff also argues that, even if the SOP is ICE's only policy, she cannot tell what will happen when a FOIA request from a fugitive alien is referred to ICE from another Department of Homeland Security ("DHS") component. (*See* ECF No. 69 at 2-3, 8, 9, 11-12, 13, 16.) But the SOP addresses this: The SOP explains that FOIA requests submitted directly to ICE are typically for records in the agency's law enforcement databases, such as investigatory records

and notes.   (ECF No. 60-2 at 1.)   The SOP applies only to those direct requests, which are more likely to implicate law enforcement equities.   (*Id.*)   In responding to direct requests under the SOP, ICE determines whether the requester is a fugitive and, if so, "may categorically withhold the fugitive's law enforcement records or information pursuant to FOIA Exemption (b)(7)(A) . . . and the fugitive disentitlement doctrine."   (*Id.* at 2.)   Referrals, on the other hand, typically involve requests to U.S. Citizenship and Immigration Services ("USCIS") for an alien's A-file; when USCIS encounters ICE records in response to a request for an A-file, it refers those records to ICE.   (*Id.*)   Because referred records are less likely to implicate law enforcement concerns, the provisions of the SOP—including the fugitive status determination—do not apply; rather, as the SOP states, referrals "are processed in the ordinary course and categorical withholding based on the alien's fugitive status does not apply."   (*Id.* at 1).   ICE does not apply any special practice or policy for referrals, which are processed under FOIA without reference to the procedures in the SOP.   (*See* Pineiro Decl. ¶ 6.)   5 U.S.C. § 552 (FOIA); 6 C.F.R. § 5.1 *et seq.* (Department of Homeland Security FOIA regulations).

In any event, additional discovery is not needed to resolve the only claim in this lawsuit. Plaintiff asserts that ICE's practice is illegal under FOIA and asks the Court to declare the practice illegal and permanently enjoin its application.   (ECF No. 32 ¶ 44; *id.* at 9; *see also* ECF No. 60 at 2 n.1 ("[T]he SOP is illegal on its face, and must be declared invalid and enjoined.").) No discovery is necessary to resolve Plaintiff's facial challenge.   As the D.C. Circuit has held, a claim that an agency's guidelines violate FOIA "presents [a] purely legal question[], the understanding of which neither requires nor is facilitated by further factual development." *Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 92 (D.C. Cir. 1986).   Plaintiff cites no

authority suggesting that additional discovery—much less the Rule 30(b0(6) deposition she seeks—should be allowed in a FOIA suit in which a plaintiff brings a facial challenge seeking to invalidate a FOIA practice that is set out in a written policy. Nor does Plaintiff cite any authority for the proposition that her questions about how ICE might handle a hypothetical FOIA request entitles her to additional discovery in a lawsuit seeking to declare the practice facially invalid and enjoin its application.

Plaintiff's motion should be denied.

## BACKGROUND

This is Plaintiff's fourth discovery motion in this FOIA case. In ruling on Plaintiff's second motion, the Court permitted Plaintiff to "request ICE's most current version of its written policy or policies with regard to the challenged practice," denied Plaintiff's request to "propound interrogatories regarding the history or purpose of the challenged practice," and permitted Plaintiff to "propound interrogatories inquiring about the scope of the challenged practice, ICE's definition of a 'fugitive' for purposes of the challenged practice, and the frequency of ICE's invocation of the challenged practice to deny FOIA requests." (ECF No. 51 at 2.)

With respect to Plaintiff's request for a 30(b)(6) deposition, the Court found that the deposition was "unnecessary at this time and therefore denies that request without prejudice to renewal for good cause." (*Id.*) The Court noted that it would "strongly prefer that any request for renewal come in the form of a Rule 56(d) argument and declaration included in a summary judgment response. In that context, the Court can better judge what information may actually be helpful to resolving contested matters." (*Id.* at 2-3.)

Plaintiff has now filed her second motion for leave to take a Rule 30(b)(6) deposition.

(ECF No. 69; *see also* ECF No. 60.) At the discovery conference, the Court directed Plaintiff to address the following: (1) "the remaining active request for relief in the case"; (2) plaintiff's "burden of proof . . . with respect to the active requests for relief," (3) "what discovery the plaintiff . . . is entitled to under existing FOIA law with respect to its active claim for relief," and (4) why the Court "should allow a 30(b)(6) deposition" of a government agency. (Transcript of Discovery Conference at 24:19-25:13 (Sept. 8, 2017).) With respect to Plaintiff's claim that ICE continued to apply an unwritten practice in responding to FOIA requests, outside the SOP, the Court opined that "if they implement a Standard Operating Procedure in writing where there was no previous Standard Operating Procedure in writing on that matter, that's an indication that they have abrogated previous practices and that they are now following this policy and only this policy. So I don't think that's a great argument --." (*Id.* at 22:13-19.) The instant motion— in which Plaintiff continues to assert that ICE has "obscured the original practice," which "may or may not be the 'ordinary course' for ICE today" (ECF No. 69 at 2, 9)—followed.

## ARGUMENT

### I. Plaintiff's Motion Is Based on an Inaccurate Premise.

The premise for Plaintiff's motion is that, by providing her with the SOP in discovery, ICE has hidden the existence of a different practice, outside the SOP, that applies to FOIA requests submitted by or on behalf of fugitive aliens. (*See* ECF No. 69 at 2 ("By 'disclosing' the new SOP in discovery responses, the government has obscured the original practice."); *id.* (questioning "whether [another practice] still exists in tandem with the 'new' SOP."); *id.* at 9 (claiming that the challenged practice may "continue[] in a different guise"); *id.* (claiming that ICE's previous practice "may or may not be the 'ordinary course' for ICE today"); *id.* at 12

(claiming that another practice may "still exist[] . . . notwithstanding the government's interrogatory response that elides this information"); *id.* at 16 (questioning whether the prior, unwritten practice "continues 'in the ordinary course' when the FOIA request is referred by a sister agency instead of received directly by ICE."). Plaintiff's premise is wrong.

The SOP was produced pursuant to Court Order. In compliance with this Court's Order, Plaintiff requested, and Defendant produced, the "most current version of its written policy or policies with regard to the challenged practice." (ECF No. 51 at 2; *see also* ECF No. 60-2.) ICE's practice is set forth in the SOP and governs ICE's handling of FOIA requests made by or on behalf of fugitive aliens. (*See* ECF No. 60-1 at 9; ECF No. 60-2.)

The SOP sets forth the only practice that ICE applies to FOIA requests submitted by or on behalf of fugitive aliens. In responding to Plaintiff's interrogatories, ICE stated that "[t]here was no formalized practice, or written policy, with respect to FOIA requests submitted by or on behalf of fugitives at the time the request that was the subject of Plaintiff's complaint was processed." (ECF No. 60-1 at 2 n.1.) But that has changed: "ICE has since implemented and adopted a formal, written policy with respect to FOIA requests submitted by or on behalf of fugitive aliens, which is set forth in the SOP." (*Id.*; *see also* ECF No. 60-2 at 1 ("***This*** SOP provides internal ICE guidance regarding [FOIA] requests submitted solely by or on behalf of aliens . . . who are considered fugitives.") (emphasis added).) The SOP sets forth "ICE's practice with respect to 'FOIA Requests Made By, or On Behalf of, Fugitive Aliens' applies to FOIA requests submitted to ICE by or on behalf of fugitives, as that term is used in the SOP." (ECF No. 60-1 at 2 (quoting ECF No. 60-2 at 1); *see also id.* at 4-5 (defining fugitive); ECF No. 60-2 at 2 (same).) If there was another practice applied by ICE to FOIA requests submitted by

6

fugitive aliens, then ICE and its counsel would have disclosed it. *Cf.* Fed. R. Civ. P. 26(e)(1)(A); *id.* 26(g)(1); *id.* 26(g)(3); *id.* 33(b)(5); *id.* 37(a)(4); *id.* 37(c) (collectively requiring—at a minimum—the same).

Consistent with ICE's discovery responses—which were verified under oath by ICE's FOIA Director and signed by counsel, *see* Fed. R. Civ. P. 33(b)(5)—ICE's counsel stated on the record before this Court: "This is the only policy that is in place. There is no other policy." (Discovery Conference Tr. at 17:10-11; *see also id.* at 16:14-16 (The Court: "This is the only policy in place going forward?" Mr. Moskowitz: "Yeah, it is."); *id.* at 20:15 (Mr. Moskowitz: "[T]his is the only policy that exists.")

And, for the avoidance of any doubt, ICE has submitted herewith the Declaration of ICE's Deputy FOIA Officer, attesting that the only practice employed by ICE when responding to FOIA requests submitted by or on behalf of fugitive aliens is set forth in the SOP. (Pineiro Decl. ¶ 4.) There is no other practice or policy applied by ICE to FOIA requests submitted by or on behalf of fugitive aliens. (*Id.*)

There is no basis for Plaintiff's continued speculation that there is another practice, outside the SOP, that applies to FOIA requests submitted by fugitive aliens. (*Accord* Discovery Conference Tr. at 25:13 (The Court: "I don't think that's a great argument.").) The necessary predicates for that speculation—that ICE "concealed" information in its discovery responses and that ICE's counsel lied to the Court at the discovery hearing—are baseless.

## II. Discovery Is Neither Necessary Nor Appropriate To Resolve Plaintiff's Claim For Prospective Declaratory and Injunctive Relief in This FOIA Case.

Plaintiff's argument that she needs additional discovery is based primarily on her desire to discover ICE's hidden practice, but there is no other practice, and Plaintiff does not show that

7

additional discovery, in the form of an agency deposition, is warranted here.

**A. FOIA case law does not support Plaintiff's claim for more discovery.**

"In FOIA cases, discovery is both rare and disfavored." *Freedom Watch v. BLM*, 220 F. Supp. 3d 65, 68 (D.D.C. 2016); *see also Davis v. U.S. Dep't of Veterans Affairs*, No. 16-CV-00701-CBS, 2017 WL 3608192, at *7 (D. Colo. Aug. 22, 2017) ("Case law holds that discovery generally is not available in FOIA actions.").

Plaintiff does not disagree, but argues that "a pattern and practice claim is fundamentally different, since the inquiry is not whether or not the government has appropriately withheld records responsive to a specific request, but whether it is engaged in an illegal pattern or practice." (ECF No. 69 at 15.) Defendant agrees that pattern and practice claims are "fundamentally different," and that the question in such cases is whether an agency is engaged in a practice that is impermissible under FOIA.[1] That does not, however, entitle Plaintiff to a deposition of an ICE official in this case, in which she seeks to enjoin and declare invalid ICE's practice in responding to FOIA requests submitted by fugitive aliens, which is set out in the SOP.

Plaintiff claims that "wider latitude of discovery is ordinarily permitted" in pattern and practice cases. (ECF No. 69 at 15-16 (citing *Gilmore v. Dep't of Energy*, 33 F. Supp. [2d] 1184, 1189-90 (N.D. Cal. 1998); *Citizens for Responsibility and Ethics in Washington [CREW] v. DOJ*, 2006 WL 1518964 at *3 (D.D.C. June 1, 2006).) *But see, e.g.*, *Liverman v. OIG*, 139 F. App'x 942, 945 (10th Cir. 2005) (affirming denial of discovery in putative FOIA pattern and practice case); *Pietrangelo v. U.S. Army*, 334 F. App'x 358, 360 (2d Cir. 2009) (affirming denial

---

[1] The parties have agreed that the question of whether a "pattern and practice" claim is legally cognizable can be briefed in conjunction with briefing on the merits.

of discovery in putative FOIA pattern and practice case where plaintiff failed to satisfy his burden to show agency bad faith). But the cases Plaintiff cites do not support her contention that additional discovery is warranted here. In neither of the cases cited by Plaintiff, did the courts permit discovery where the challenged practice was embodied in a written policy—a written policy that, here, Plaintiff has already been afforded discovery to obtain.

*CREW* was not even a pattern and practice case. 2006 WL 1518964, at *1. The court permitted discovery into the Department of Justice's handling of two specific FOIA requests, related to its decision to reduce its monetary penalty request in ongoing litigation against the tobacco industry, after the plaintiff presented evidence that the Department acted in bad faith in responding to those requests. *Id.* at *2-6; *accord Thompson v. U.S.*, No. 1:09cv1246 (JCC), 2010 WL 231782, at *2 (E.D. Va. Jan. 19, 2010) (describing *CREW* and cases like it as involving "incidents where the Court specifically found 'bad faith' or 'malfeasance' on the part of the government in its delayed response to FOIA requests").

*Gilmore*, unlike *CREW*, was a pattern and practice case, but it undermines, rather than supports, Plaintiff's bid for more discovery. In *Gilmore*, the plaintiff sought to assert two pattern and practice claims challenging the agency's: (1) "policy on disclosure of contractor records as inconsistent with FOIA," and (2) alleged pattern and practice of failing to comply with FOIA's time limits. *Gilmore v. U.S. Dep't of Energy*, 4 F. Supp. 2d 912, 916, 926 (N.D. Cal. 1998). With respect to the former, the court granted summary judgment in favor of the agency without discovery. *Id.* at 927. The court held that the challenged policy, which was set forth in the agency's guidelines and procedures for processing FOIA requests, "did not conflict with existing FOIA law," and that the plaintiff had not shown any reason why the policy "is in

9

contravention of the FOIA." *Id.* at 926-27. With respect to the latter, the court found that to assess the claim that the agency had a practice of delay, it would be required to determine "[w]hether exceptional circumstances exist and whether an agency is exercising due diligence in processing FOIA requests [which] are inherently factual questions." *Id.* at 925. The court allowed discovery into these inherently factual questions, *Gilmore*, 33 F. Supp. 2d at 1190, but only after first denying the plaintiff's request because it was made without a Rule 56 declaration, *Gilmore*, 4 F. Supp. 2d at 926 ("Gilmore has complained that he has not been permitted to obtain discovery on DOE's pattern and practice of responding to FOIA requests. If Gilmore needs such discovery to prepare his motion or to respond to DOE's motion, *he must file a Rule 56(f) declaration itemizing the discovery he feels is necessary to adequately address the issues*.") (emphasis added); *see also Gilmore*, 33 F. Supp. 2d at 1190.[2]

Here, the discovery Plaintiff seeks does not relate to an informal practice of delay, requiring the Court to address "inherently factual questions." Nor did Plaintiff submit a Rule 56 declaration. To the extent that *Gilmore* is "instructive" (ECF No. 69 at 15), it teaches that discovery is not permitted where a plaintiff seeks to challenge a practice embodied in a written policy. Plaintiff has not cited, and Defendant has not found, any FOIA pattern and practice case allowing discovery—in the form of a Rule 30(b)(6) deposition or otherwise—where, as here, a plaintiff seeks to declare invalid and enjoin a practice that is embodied in a formal, written policy adopted by a government agency.

---

[2] As the Tenth Circuit has explained, a declaration is required to "ensure that the . . . party is invoking the protections of Rule 56 [(d)] in good faith." *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.1992) (holding unverified assertions of counsel in motion do not satisfy affidavit requirement and result in waiver).

**B. Additional discovery is unnecessary to decide Plaintiff's only claim for relief.**

The sole remaining claim in this lawsuit is for prospective declaratory and injunctive relief. (ECF No. 32 at 9; ECF No. 69 at 10.) Plaintiff alleges that ICE's practice governing FOIA requests submitted by or on behalf of fugitive aliens—which is set forth in the SOP and is ICE's only process for handling FOIA requests submitted by or on behalf of fugitive aliens—"is illegal under FOIA, and results in the illegal withholding of documents under FOIA whenever it is applied." (ECF No. 32 ¶ 44.) Plaintiff seeks an order (a) declaring that ICE's practice "is in violation of the FOIA" and (b) permanently enjoining the practice. (*Id.* at 9.) As Plaintiff has previously argued, this presents a pure question of law for the Court to decide. (*See, e.g.*, ECF No. 49 at 2 (opposing ICE's discovery motion because "[t]he sole issue to be determined is the legality of the government's FOIA practice").)

The additional discovery Plaintiff seeks has no bearing on this question of law—whether or not the practice set forth in the SOP is invalid under FOIA. A claim that, "on their face, the [agency's] guidelines violate FOIA . . . . presents purely [a] legal question[], the understanding of which neither requires nor is facilitated by further factual development." *Better Gov't Ass'n*, 780 F.2d at 92. The Court's "appraisal of the legitimacy of the [agency's] guidelines in light of the statutory requirements of FOIA" is not enhanced by further factual development, *id.* at 92-93, and is instead "resolved by an analysis of FOIA, its legislative history, and its construction by relevant case law," *id.* at 92.[3] (*Accord* Discovery Conference Tr. at 8:8-11 (The Court: "What

---

[3] *Better Government Association* was cited as controlling authority by the D.C. Circuit two years later in *Payne Enterprises, Inc. v. U.S.*, 837 F.2d 486, 491-93 (D.C. Cir. 1988).

are we fighting about here when the statute seems to be fairly clear about what ICE can and cannot do in responding to FOIA requests?").)

To declare invalid and enjoin a government policy, a plaintiff is required to show that the policy is illegal whenever it is applied. (*See* ECF No. 32 ¶ 44 (alleging same).) "To prevail in this and any facial challenge to an agency's regulation, the plaintiffs must show that there is 'no set of circumstances' in which the challenged regulation might be applied consistent with the agency's statutory authority." *Scherer v. USFS*, 653 F.3d 1241, 1243 (10th Cir. 2011) (Gorsuch, J.) (citing, *inter alia*, *Reno v. Flores*, 507 U.S. 292, 301 (1993)); *id.* at 1242 (rejecting plaintiff's facial challenge seeking to hold a Forest Service fee policy "null and void in all applications" because "some lawful applications of the policy do exist").

This standard is no different when a plaintiff seeks such relief under the guise of a FOIA pattern and practice claim. Courts, including the D.C. Circuit, have equated such claims to facial challenges. *See, e.g.*, *Payne Enters.,* , 837 F.2d at 491 n.9 (distinguishing "Payne's attack to the Air Force's informal practice of tardy disclosure" from a prior case, because in the prior case, the plaintiff "failed to advance a facial challenge to the regulations"); *Justice v. Mine Safety and Health Admin.*, No. 2:14-14438, 2015 WL 4621543, at *3 (S.D. W. Va. July 31, 2015) (equating putative challenge to allegedly "[i]mproper FOIA policy and practices" to a "'facial' challenge to [defendant's] FOIA policy"). To state a pattern and practice claim, "a plaintiff must allege"—and ultimately prove—"facts establishing that the agency has adopted, endorsed, or implemented some policy or *practice that constitutes an ongoing failure to abide by the terms of the FOIA.*" *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 71 (D.D.C. 2016) (emphasis added) (internal quotations omitted) (citing, *inter alia*, *Payne*, 837 F.2d at 491); *see*

12

*also Am. Ctr. for Law and Justice v. Dep't of State*, --- F. Supp. 3d ---, ---, No. 16–2516 (JEB), 2017 WL 1377909, at *4 (D.D.C. Apr. 17, 2017) (noting that "District courts have since refined the *Payne* doctrine" and what is required to "state a policy-or-practice claim") (collecting cases).

Plaintiff claims that, once she establishes standing, the burden shifts to the government to prove the validity of the practice under FOIA. (ECF No. 69 at 14.) Plaintiff cites no authority supporting this proposition.[4] Under FOIA, an agency bears the burden to justify the withholding of specific records alleged to have been "improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). But, as Plaintiff recognizes, "a pattern and practice claim is fundamentally different, since the inquiry is not whether or not the government has appropriately withheld records responsive to a specific request, but whether it is engaged in an illegal pattern or practice." (ECF No. 69 at 15.) When a plaintiff brings a pattern and practice claim seeking a declaration that an agency practice is invalid and an injunction prohibiting its application, the plaintiff must show that the policy she challenges is invalid under FOIA. (*See supra* at 11-13.) *Accord Rocky Mountain Wild, Inc. v. USFS*, No. 15-cv-0127-WJM-CBS, 2016 WL 362459, at *10 (D. Colo. Jan. 29, 2016) (Martinez, J.) (declining to recognize a pattern or practice claim where the plaintiff had "not presented evidence sufficient to establish [such a claim]"); *cf. Scherer*, 653 F.3d at 1245 (rejecting, as contrary to settled law, plaintiff's attempt

---

[4] Plaintiff cites and quotes *Hajro v. USCIS*, 811 F.3d 1086, 1103 (9th Cir. 2015), as establishing the elements of pattern and practice claim. (ECF No. 69 at 13-14.) But the quoted language refers only to showing an "injury in fact," which is but one element of standing. (*Accord* Order Denying Motion to Dismiss (ECF No. 45) at 8-9 (noting that the quoted language reflects the Ninth Circuit's most recent pronouncement concerning standing).) *Hajro* goes on to note that while they may be related, and indeed overlap, the *merits* of an underlying pattern and practice claim are "separate" from standing to bring such a claim. 811 F.3d at 1102 n.11.

"to flip the burden in his facial challenge so that the Forest Service must prove its regulation is *always* lawful rather than the plaintiffs having to prove it's *never* lawful").

For the purpose of resolving Plaintiff's motion, however, the Court need not resolve the question of burden. Plaintiff challenges ICE's practice, which is set forth in the SOP issued by OPLA, and seeks to invalidate and enjoin the practice. Whether or not the practice is consistent with FOIA presents a purely legal question on which Plaintiff's requested additional discovery has no bearing, and Plaintiff cites no case suggesting that discovery is proper in such a case.

**C. The discovery Plaintiff seeks is not relevant to her claim for relief.**

The Court directed Plaintiff to address "the remaining active request for relief in the case" and how existing FOIA case law entitles her to discovery "*with respect to [her] active claim for relief*." (Discovery Conference Tr. at 24:19-25:13 (emphasis added).) Plaintiff did not do so, relying instead on the repeated, conclusory assertions that the requested discovery is "necessary" and she "needs" it. (ECF No. 69 at 3, 7, 10, 11, 12, 16.[5]) Plaintiff cited no authority supporting her entitlement to her discovery in her bid to invalidate ICE's practice. (*Supra* Parts II.A, B.) And Plaintiff did not explain, or even attempt to explain, how the specific discovery she seeks relates to her actual claim for declaratory and injunctive relief. This, too, is fatal to her motion. Plaintiff's desire to pose questions about how ICE may respond to some future, hypothetical FOIA requests, does not entitle her to discovery—it

---

[5] Nor, beyond her conclusory assertion that a 30(b)(6) deposition is "warranted" and "the most efficient and reliable way to develop the record" (ECF No. 69 at 16), did Plaintiff address the Court's question as to why it "should allow a 30(b)(6) deposition" of a government agency. (Discovery Conference Tr. at 25:13.) As the Court noted, "30(b)(6) depositions of Government agencies . . . are rife with problems." (*Id.* at 13:2-3.) That, however, is the only discovery Plaintiff seeks, and she has not justified it here. *See* Fed. R. Civ. P. 26(b)(1).

suggests her claim is not ripe for review. *Accord, e.g.*, *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808, 812 (2003); *Rothe Development Corp. v. Dep't of Defense*, 413 F.3d 1327, 1335 (Fed. Cir. 2005); *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir.2003).

In addition to being unsupported by argument or authority, Plaintiff's claims of need are readily answered by the discovery that ICE has already provided in this FOIA case. Plaintiff claims that she needs three categories of information: (1) whether ICE continues to apply a practice, outside that set forth in the SOP, in responding to FOIA requests submitted by or on behalf of fugitive aliens (ECF No. 69 at 2, 7, 9, 11, 12, 16 ); (2) how FOIA requests referred to ICE by other components are handled (*id.* at 2-3, 8, 9, 11-12, 13, 16); and (3) "the circumstances under which, and the extent to which, ICE relies on Exception (b)(7)(A), versus the fugitive disentitlement doctrine." (*Id.* at 9, 12-13, 16.)

1. <u>ICE's only practice applied to FOIA requests from fugitive aliens is in the SOP</u>.

Plaintiff's belief that ICE employs a different practice, outside the SOP, is mistaken. (*Supra* Part I.) No discovery is necessary to inquire into a non-existent practice.

2. <u>Referrals are processed in the ordinary course under FOIA</u>.

Plaintiff's questions about what it means for referrals to be processed "in the ordinary course" are also predicated on her mistaken belief that ICE employs a practice outside the SOP. (*See, e.g.*, ECF No. 69 at 9 (claiming that denying FOIA requests "under its previous practice . . . may or may not be the 'ordinary course' for ICE today"). There is no other practice. (*Supra* Part I.) Viewed through the presumption of regularity that adheres to agency action, instead of the veil of conspiracy that ICE is hiding another practice, processing a FOIA request "in the ordinary course" simply means in accordance with FOIA, without reference to the SOP. (*See*

Pineiro Decl. ¶ 6;) 5 U.S.C. § 552 (FOIA); 6 C.F.R. § 5.1 *et seq.* (DHS FOIA regulations). (*See also* ECF No. 32 ¶ 14 (Plaintiff's summary of FOIA).) As set forth in the SOP, the practice set forth therein—ICE's only practice in responding to FOIA requests submitted by or on behalf of fugitive aliens—"*does not apply*" to referrals. (ECF No. 60-2 at 2 (emphasis added).)

Plaintiff's related claim that the SOP is ambiguous as to how ICE would respond if a requester submitted "the same FOIA request" to ICE and another DHS component, something Plaintiff claims to do "on a regular basis," is similarly misguided. (ECF No. 69 at 9; *see also id.* at 2-3, 12.) Different DHS components hold different agency records. *See* 6 C.F.R. § 5.4(a) ("[T]he component that first receives a request for a record *and maintains that record* is the component responsible for responding to the request.") (emphasis added); *id.* § 5.4(c) (providing for re-routing of FOIA requests directed to the wrong component); USCIS, *How to File a FOIA/PA Request* ("[S]ome records can only be obtained from . . . other DHS components such as Immigration and Customs Enforcement (ICE) . . . . Our Submitting FOIA Requests table contains information that will help you file your FOIA request."[6]). Plaintiff, like other FOIA requesters, submits *different* FOIA requests to *different* DHS component seeking the records related to her client *that the different components* maintain. (*See, e.g.*, ECF No. 15-1 (USCIS form submitted by Plaintiff to USCIS seeking client's A-file).) Thus, for example, on March 14, 2016, on behalf of her client with A Number 094-829-xxx, Plaintiff submitted a request to USCIS for all records "being held by your agency" and "in the agency's possession"

---

[6] Available at: https://www.uscis.gov/about-us/freedom-information-and-privacy-act-foia/how-file-foia-privacy-act-request/how-file-foiapa-request (last visited Oct. 4, 2017).

16

pertaining to her client. This is not the "same FOIA request" as a request to ICE for all records *being held by ICE* or *in ICE's possession* related to this client. *Accord* 6 C.F.R. § 5.4(a), (d).

To be sure, one DHS component will sometimes refer documents to ICE for a release determination. This is expressly contemplated by DHS's FOIA regulations, 6 C.F.R. § 5.4(d), (f), and directly addressed in the SOP. The procedures in the SOP apply only to direct requests to ICE, which are more likely to implicate law enforcement concerns, whereas referrals, which are less likely to implicate such concerns, are not processed under the SOP, but "in the ordinary course." (*Supra* at 2-3; ECF No. 60-2 at 1.) Plaintiff does not address this portion of the SOP, or attempt to explain how the discovery she seeks related to ICE's processing of *certain requests* is relevant to her claim seeking to invalidate the ICE's practice in its entirety.

### 3. The SOP explains ICE's withholding under exemption 7(A).

Finally, no "further discovery is required to determine when, and to what extent, the 'fugitive disentitlement doctrine' is the basis for withholding records under the SOP *versus* exception (b)(7)(A)." (ECF No. 69 at 12-13; *see also id.* at 9, 16.) Under the plain language of the SOP, there is *no instance* in which ICE may rely on the fugitive disentitlement doctrine "versus" exemption 7(A). (ECF No. 60-2 (providing that a fugitive alien's law enforcement records may be withheld by ICE FOIA "pursuant to FOIA Exemption (b)(7)(A) . . . *and* the fugitive disentitlement doctrine") (emphasis added); *id.* (providing that the response letter, likewise, "will expressly note the alien's fugitive status, *as well as Exemption 7(A)*, as the basis for the withholding") (emphasis added).) For the avoidance of any doubt, the attached declaration states what is already apparent from the SOP: "there is never a situation in which

17

ICE FOIA would deny a fugitive alien's FOIA request on the basis the fugitive disentitlement doctrine but not FOIA Exemption 7(A)." (Pineiro Decl. ¶ 5.)

## CONCLUSION

Plaintiff has not met her high burden to show that she is entitled to additional discovery, let alone a Rule 30(b)(6) deposition of a government agency, in this FOIA action. Plaintiff's sole claim is for prospective declaratory and injunctive relief, seeking to invalidate ICE's practice in responding to FOIA requests from fugitive aliens in all its applications. That practice, ICE's only practice, is set forth in the SOP that was already produced to Plaintiff in discovery. Plaintiff's claim seeking to invalidate the practice presents a pure legal question, which will not be advanced by more discovery. The premise for Plaintiff's motion—that ICE employs another, hidden practice—is wrong. And Plaintiff has not shown, in any event, that the discovery she seeks is relevant to her claim for relief. Defendant respectfully requests that the Court deny Plaintiff's motion for leave to take a 30(b)(6) deposition and award Defendant such other relief as the Court finds just and proper.

DATED: October 6, 2017        Respectfully Submitted,

ROBERT C. TROYER
Acting United States Attorney

*s/ Ian J. Kellogg*
Ian J. Kellogg
David Z. Moskowitz
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone:(303) 454-0100
Fax: (303) 454-0407
ian.kellogg@usoj.gov
david.moskowitz@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

    Dan@CulhaneLaw.com
    msilverstein@aclu-co.org
    sneel@aclu-co.org

    *s/ Leah Butler*
    U.S. Attorney's Office