# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02137 KLM

JENNIFER M. SMITH,

    Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendants.

## DECLARATION OF DANIEL P. HARRIS

I, DANIEL P. HARRIS, declare as follows:

1. My name is Daniel P. Harris. I have personal knowledge of the facts stated herein and can and will testify to them as necessary.

2. I am an attorney licensed to practice law in the State of New York and in the U.S. District Courts for the Southern, Eastern, and Western Districts of New York. I often engage in *pro bono* work in matters of immigration law. I am an associate of Gibson, Dunn & Crutcher LLP, in New York, NY.

3. I have practiced immigration law for six years. My practice includes representing non-citizens in various immigration proceedings, including individuals who do not have or are not sure of their immigration status.

4. As part of my practice, I and colleagues submit FOIA requests to a number of agencies within the Department of Homeland Security, including U.S. Immigration and Customs Enforcement ("ICE").

5. On September 13, 2018, I submitted such a FOIA request to ICE, seeking documents on behalf of one of my immigration clients.

6. On October 5, 2018, I received notice from ICE that my FOIA request would not be processed further because of my client's alleged status as a "fugitive." In the response, ICE advised me that:

> ICE's records indicate that as of October 5, 2018, the subject of your request is a fugitive under the Immigration and Nationality Act of the United States. It is ICE's practice to deny fugitive alien FOIA requesters access to the FOIA process when the records requested could assist the alien in continuing to evade immigration enforcement efforts. The agency has reviewed the information sought in your request and has determined that there is a connection between that information and the subject of the request's status as a fugitive.

*See* letter dated October 5, 2018, attached as Exhibit A. I have redacted information from the attached letters to protect my client's identity.

7. To cure the denial of access to the records, ICE offered the following remedy:

> The ICE FOIA office declines to process your request until the subject of the request is no longer considered a fugitive. If the fugitive surrenders at the nearest ICE office, you may notify this office and ICE will process your FOIA request.

*Id*.

8. I timely appealed the denial of my FOIA request for my client's records by letter on December 13, 2018.

9. On February 4, 2019, I received a response to my appeal from the ICE Office of the Principal Legal Advisor. The response restated the basis for the denial of my initial FOIA request, specifically the allegation that my client is a "fugitive," and that the ICE FOIA Office had "declined to process [my] request until the subject of the request is no longer a fugitive." *See* letter dated February 4, 2019, attached as Exhibit B.

10. After reciting that decision, ICE's response to my appeal "determined" that after a "complete review of the administrative record," my request be remanded to the ICE FOIA Office "for processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents." *Id.*

11. I have not yet received responsive records, or any other communications regarding this request, from ICE.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 22, 2019.
New York, New York                              s/ Daniel P. Harris
                                                Daniel P. Harris