**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02137-WJM-KLM

JENNIFER M. SMITH,

      Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

      Defendant.

---

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [84]

      Plaintiff's opposition to Defendant's motion for summary judgment, like her affirmative motion, is predicated on assumptions, not facts.   ECF Nos. 89, 85.   Plaintiff assumes that ICE continues to apply the practice she originally challenged—a practice that ICE represented nearly two years ago no longer applies—and further assumes that Defendant has been "misleading" the Court throughout this litigation.   As explained in Defendant's opposition to Plaintiff's motion for summary judgment, Plaintiff's assumptions are incorrect.   ECF No. 88 at 2-3 & ¶ 17.

      Plaintiff filed suit in August 2016, seeking the release of records in response to a FOIA request and a declaration that ICE's practice to "deny fugitive alien FOIA requesters access to the FOIA process when the records requested could assist the alien in continuing to evade immigration enforcement efforts" violates FOIA.   ECF No. 1 at 7.   After the documents Plaintiff sought were released, Plaintiff amended her complaint, added additional allegations related to her "pattern and practice" claim, and asked the Court to declare the practice invalid and issue a permanent injunction against its application.   ECF No. 32 at 9.

In July 2017, ICE adopted a Standard Operating Procedure ("SOP") governing FOIA requests made by, or on behalf of, fugitive aliens, issued by ICE's Office of the Principal Legal Advisor ("OPLA").    ECF No. 84 ¶ 11; ECF No. 89 ¶ 11.    The SOP differs from the prior practice in several ways:    it applies only to FOIA requests made directly to ICE, not to referrals from USCIS like Plaintiff's request originally denied under the practice; it applies only to requests for records in the law enforcement databases of ICE's Office of Enforcement and Removal Operations ("ERO"), not requests seeking other records, and then only to requests the subjects of which ERO determines are fugitives, as defined in the SOP; and it is expressly based on the application of FOIA Exemption 7(A).    ECF No. 84-7; ECF No. 84-6 ¶¶ 5-6 ; ECF No. 88-1 ¶¶ 10-16.    The release to a fugitive of records about that individual in ERO's law enforcement databases, unlike records referred to ICE from USCIS, is likely to interfere with ERO's efforts to apprehend that individual.    ECF No. 84 ¶¶ 18-19 (citing ECF No. 84-5 at 10:3-22, 13:4-14:1, 23:11-18, 32:25-33:6, 34:10-25, 36:14-22, 72:4-25); *see also* ECF No. 84-6 ¶ 6 (explaining that direct requests "are typically for records that are kept in the agency's law enforcement databases, and include records such as investigatory files . . . .").

ICE produced a copy of the SOP to Plaintiff in response to her Court-authorized discovery request.    ECF Nos. 84-4, 84-7; *see also* ECF No. 51 (Order regarding discovery motions).    ICE stated that the SOP sets forth "ICE's practice with respect to 'FOIA Requests Made By, or On Behalf of, Fugitive Aliens'. . . ."    ECF No. 84-4 at 2; *see also id.* at 2 n.1.    As Plaintiff summarizes, since the adoption of the SOP in July 2017, "ICE claims in filings, representations to the court, and deposition testimony that its SOP states its sole practice and policy governing responses to FOIA requests related to those it deems 'fugitives.' . . .," ECF No.

85 ¶ 16, and has "repeatedly insist[ed] that it discontinued [the practice] when it adopted the SOP," *id.* at 15; *see also* Hearing Tr. at 17:10-11, 16:46, 20:15 (D. Colo. Sep. 8, 2017); ECF No. 84-6 ¶ 4 (Oct. 6, 2017); ECF No. 84-5 at 80:21-81:4 (Oct. 17, 2018).

Defendant moved for summary judgment on Plaintiff's facial challenge to the SOP. ECF No. 84. As Defendant explained, in light of the adoption of the SOP, and Plaintiff's pre-summary judgment articulation of the remaining issues and requested relief, Defendant understood that to be what remained of this case. ECF No. 84 at 4, 11-12 (citing, *inter alia*, ECF No. 82 (Feb. 7, 2019) at 2 ("This case involves a policy under which ICE 'categorically withholds' documents in response to FOIA requests on behalf of those it unilaterally designates as 'fugitives.'")). Defendant sought summary judgment on the ground that there were no genuine disputes as to any material fact necessary to find that Plaintiff cannot meet her burden to prove that she has standing to seek the relief requested with respect to the SOP, and that Plaintiff cannot meet her burden to prove that the SOP is facially invalid, *i.e.*, results in the wrongful withholding of documents under FOIA whenever it is applied. ECF No. 84.

Plaintiff has now clarified that she is seeking six forms of injunctive and declaratory relief directed at both the SOP and the prior practice. ECF No. 88 at 23 (summarizing the requested relief); ECF No. 85 at 14-15 (Plaintiff's requested relief). Plaintiff's requests for relief, her motion for summary judgment, and her opposition to Defendant's motion, are predicated on Plaintiff's assumption that, despite its representations to the contrary, ICE continues to apply the prior practice. *See* ECF Nos. 85, 89 *passim*.

That assumption, in turn, is based on ICE's responses to FOIA requests submitted by two non-parties. On August 16, 2018, ICE FOIA sent a letter to a non-party immigration attorney,

Melody Poole, stating that it was applying the "practice" to a FOIA request that Ms. Poole submitted.   ECF No. 85-9.   Ms. Poole provided a copy of that letter to Plaintiff's counsel. *See id.*   On October 5, 2018, ICE sent an identical letter to Daniel Harris, an associate attorney at Gibson, Dunn & Crutcher LLP, in New York, in response to a FOIA request that he had made. ECF No. 85-6.   Mr. Harris, too, provided Plaintiff's counsel with a copy of the letter.   *See id.*

Based on those letters, Plaintiff assumed that ICE continued to apply the practice. Plaintiff did not ask about the Poole or Harris letters, or introduce them as exhibits, during the deposition of ICE conducted on October 17, 2018.   Nor, in the five months between ICE's deposition and the summary judgment deadline, did Plaintiff conduct, or seek leave to conduct, additional discovery into the letters, or otherwise raise the letters with Defendant.[1]   Instead, Plaintiff assumed that, for nearly two years, ICE "has made inconsistent and misleading statements to the Court and to plaintiff, and it has acted inconsistently with its representations to the Court by continuing the [practice] while repeatedly insisting that it discontinued that [practice] when it adopted the SOP."   ECF No. 85 at 15; *see also* ECF No. 89 *passim*.

Plaintiff's assumptions are incorrect.   ECF No. 88 at 2-3 & ¶ 17.   Shortly after the SOP was adopted, the ICE FOIA Officer distributed it with instructions to "FOLLOW IMMEDIATELY."   *Id.*; ECF No. 88-3.   The letters sent to Ms. Poole and Mr. Harris continued to reference the practice because, after adopting the SOP, ICE FOIA mistakenly failed to update a letter template in the FOIAXpress system used to generate response letters.   *Id.*[2]

---

[1]  Plaintiff's counsel emailed the letters as part of Plaintiff's "Supplemental Disclosures" two minutes after Defendant filed its summary judgment motion, and approximately 30 minutes before Plaintiff filed her motion.   ECF No. 88 at 4 & Ex. M (ECF No. 88-5).

[2]  This mistake has since been corrected, *see id.*, and Defendant attached a copy of the current 7(A)/fugitive letter template to its response to Plaintiff's summary judgment motion, ECF No.

These facts are undisputed. Plaintiff's erroneous assumptions following her strategic decision not to raise or inquire about the letters, *see supra* at 4 & n. 1, do not create disputes of material fact precluding resolution of this case on the parties' cross-motions for summary judgment.

Plaintiff's legal arguments in opposition to Defendant's summary judgment motion fare no better than the erroneous assumptions on which they are based. Plaintiff seeks injunctive and declaratory relief directed separately at both the SOP and the prior practice. ECF No. 88 at 23; ECF No. 85 at 14-15. It is Plaintiff's burden to prove, with evidence, that she has standing separately for each form of requested relief. ECF No. 45 at 4-5; ECF No. 84 at 14-16; ECF No. 88 at 23-24; *see also Friends of the Earth, Inc. v. Laidlaw Environ. Servs. (TOC), Inc.*, 528 U.S. 167, 186 (2000) ("Laidlaw is right to insist that a plaintiff must demonstrate standing separately for each form of relief sought."). Plaintiff did not acknowledge this burden, did not separately address standing for each form of requested relief, and cannot satisfy her burden to demonstrate standing separately for each form of relief sought.

Plaintiff appears to contend that because she had standing to seek the release of documents in response to a single FOIA request—something that has never been in dispute—she has standing to seek all manners of pattern and practice relief, as well; and, further, that Defendant's argument showing that she lacks standing to invalidate and permanently enjoin the SOP is really a mootness argument, on which Defendant bears the burden. ECF No. 89 at 9-24.

That is not the law, and that is not Defendant's argument. The law requires Plaintiff to prove, with evidence, standing separately for each form of relief sought. *Supra* at 5; *see also*

---

88-4. This version differs from a letter based on an earlier iteration of the corrected template attached to Plaintiff's response. ECF No. 89-4.

*Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("The actual-injury requirement would hardly serve [its] purpose . . . if once a plaintiff demonstrated harm from one particular inadequacy in government administration, the court were authorized to remedy *all* inadequacies in that administration. The remedy must . . . be limited to the inadequacy that produced the injury in fact that the plaintiff has established.").   As the Court already noted, whether or not a case is moot, "it may be that the plaintiff never had standing . . . to seek an injunction against feared future instances of the allegedly unlawful practice."   ECF No. 45 at 5.   ICE's argument is not that Plaintiff's challenge to the SOP is moot; it is not moot; ICE continues to apply the SOP.   ICE's argument is that Plaintiff does not have and has never had standing to assert claims to invalidate and permanently enjoin the SOP.   ECF No. 84 at 14-16.   The SOP has never applied to Plaintiff, and she cannot demonstrate an imminent risk that the SOP will apply, such that she might have standing for this relief.   *Infra* Part I.A; ECF No. 84 at 14-16; ECF No. 88 at 24-25.

The same is true of Plaintiff's claims for relief asking the Court to permanently enjoin and invalidate the practice.   As Defendant has maintained throughout this litigation, Plaintiff does not have standing for this relief, and cannot prove that she does.   *Infra* Part I.B; *see also* ECF No. 45 at 5 ("ICE argues in this case that Smith never had standing, even before ICE's decision to release Ms. Sanchez's file, to challenge the Fugitive Practice"); ECF No. 88 at 35-36; ECF No. 35 at 7-12; ECF No. 15 at 11-13.   To be sure, Plaintiff's requests to invalidate and permanently enjoin the prior practice (but not the SOP) are *also* moot, and Defendant has shown that there is no reasonable likelihood that the discontinued practice will be resurrected in the future.   *Infra* Part I.C.   But whether or not Plaintiff's requests for relief directed at the prior

practice are moot, it is Plaintiff's burden to prove that she has standing in the first instance; she did not and cannot do so. *Infra* Part I.B; *see also* ECF No. 45 at 5-6 & n.1.

On the merits, it is Plaintiff's burden to prove that the SOP is facially invalid, *i.e.*, that it results in the wrongful withholding of documents under FOIA every time it is applied. Plaintiff does not dispute that this is her burden. Instead, Plaintiff argues that it is "inappropriate to consider" Defendant's arguments that the record evidence does not support Plaintiff's claim, because these arguments "should be raised in response to Ms. Smith's motion." ECF No. 89 at 32. Plaintiff is mistaken. The Court may resolve motions for summary judgment where the non-movant bears the burden of proof at trial. Plaintiff has not identified any genuine dispute of material fact necessary to resolve her facial challenge to the SOP, and ICE is entitled to judgment as a matter of law. *Infra* Part II.

### Reply Concerning Undisputed Facts

12.     ICE discontinued its prior practice, which was replaced by the SOP. The letters cited by Plaintiff were the result of ICE's (admittedly mistaken) failure to update a letter template in FOIAXpress, not the continued application of the practice in contravention of the SOP, the ICE FOIA Officer's instructions, and Defendant's representations in this litigation. ECF No. 88 at 2-4 & ¶ 17 (citing ECF No. 88-1 ¶¶ 11, 15-16; ECF No. 88-2 ¶¶ 4-9; ECF No. 88-3 (Ex. K, Pavlik-Keenan email directing ICE FOIA to immediately follow the SOP).

13.     The SOP embodies the only practice employed by ICE with respect to FOIA requests submitted by, or on behalf of, fugitive aliens. ECF No. 84-4 at 2 & n.1, 9; ECF No. 84-6 ¶ 4; ECF No. 84-11 ¶ 6; ECF No. 88-2 ¶¶ 4-9. ICE sent letters that continued to refer to

the challenged practice not because the practice continues alongside (or in lieu of) the SOP, but because ICE inadvertently failed to update a letter template in FOIAXpress. *Supra* ¶ 12.

14. The SOP reflects the only procedure employed by ICE with respect to FOIA requests submitted by, or on behalf of, fugitive aliens. *Supra* ¶¶ 12-13.

15. ICE's adherence to the practice is not "ongoing." *Supra* ¶¶ 12-13.

17 - 22. ICE adheres to the SOP. *Supra* ¶¶ 12-13.

23. A FOIA request may be "Granted in Full," "Granted/Denied in Part," or "Denied in Full." ECF No. 88-1 (Pavlik-Keenan Decl.) ¶ 9; *see also* 5 U.S.C. § 552(a)(6)(F); *id.* § 552(a)(6)(A)(ii). Plaintiff is mistaken that FOIA requests to which the prior practice and SOP do not apply "presumably" receive documents in response, subject to FOIA exemptions, the application of which can then be appealed. ECF No. 89 ¶ 23. That is, Plaintiff is mistaken that only requests to which the challenged practices apply might be denied in full. Whether a FOIA request is denied in part or in full, under the SOP or otherwise, a FOIA requester has the same administrative right to appeal, ECF No. 84-7 at ICE-2; ECF No. 84-5 at 81:18-82:8, which is a prerequisite for a FOIA lawsuit, 5 U.S.C. § 552(a)(4)(B), (6)(A)(ii); *see also* ECF No. 88 at 33-35 (addressing Plaintiff's argument that the SOP eliminates the right of appeal).

29. Plaintiff admits that, in response to Court-authorized discovery, she did not provide the date of any planned request, or identify, by fictitious name or otherwise, any actual or prospective non-citizen client on whose behalf she planned to submit a FOIA request. *Compare* ECF No. 84 ¶ 29 *with* ECF No. 89 ¶ 29; *see also* ECF No. 51 at 1-2 (permitting ICE to "inquire as to the planned date of any request," and to "require Smith to link that planned request to a fictitious name corresponding to an actual or prospective client known to Smith . . . .").

33.  ICE did not apply the challenged practice to the requests submitted by Melody Poole and Daniel Harris.  *Supra* ¶¶ 12-13.

## ARGUMENT

### I.  Plaintiff Has Not Established that the Court has Subject Matter Jurisdiction Over Each of Her Requests for Injunctive and Declaratory Relief.

It is Plaintiff's burden to prove, by a preponderance of the evidence, that she has standing separately for each form of injunctive and declaratory relief that she asks the Court to award. ECF No. 45 at 4-5; ECF No. 84 at 14-16; ECF No. 88 at 23.  That is, for each form of requested relief, it is Plaintiff's burden to present evidence of specific facts showing:  (1) that Plaintiff herself has suffered or will suffer an "injury in fact" from the SOP or challenged practice—"an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical'"; (2) "a causal connection between the injury" and the SOP or practice; and (3) that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision'" directed at the SOP or practice.  ECF No. 45 at 4 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)); *see also* ECF No. 89 at 9-10 (acknowledging same).  In this putative FOIA pattern and practice case seeking prospective relief, Plaintiff must demonstrate, for each form of relief, that it is more likely than not that she will imminently be injured by the SOP or practice, that her injury is traceable to the SOP or practice, and that the relief requested will remedy her specific injury.  ECF No. 88 at 23-24; ECF No. 45 at 6-10.  The undisputed facts show that Plaintiff cannot meet this burden.

**A. Plaintiff does not have standing to seek relief to invalidate and permanently enjoin the SOP.**

At no time during this litigation has Plaintiff had standing for the relief she seeks with respect to the SOP: a permanent injunction enjoining all future applications of the SOP, and a declaration that the SOP is facially invalid. ECF No. 84 at 14-16; ECF No. 88 at 24-25. Plaintiff does not address her burden to show standing separately for the relief she seeks with respect to the SOP. Instead, Plaintiff appears to argue that because she had standing to seek the release of documents in response to a single FOIA request, she has standing to seek relief enjoining and invalidating the SOP, as well. ECF No. 89 at 8-11. Plaintiff's standing to seek the release of records in response to Ms. Sanchez's FOIA request is not in dispute, but that does not satisfy Plaintiff's burden to show standing *separately* for the relief she seeks with respect to the SOP. *Supra* at 5-6 (citing, *inter alia*, *Laidlaw*, 528 U.S. at 186; *Casey*, 518 U.S. at 357).

To make the required showing of imminent future harm from the SOP, Plaintiff must "demonstrate" that she has other "pending FOIA requests that are likely to implicate that policy . . . ." ECF No. 89 at 10 (internal quotations omitted) (arguing that this is the "correct test" for future injury). Plaintiff did not and cannot do so. Plaintiff admits that the SOP has never been applied to any FOIA request she has submitted. ECF No. 89 at 19. Plaintiff "aver[red] that [she] will submit approximately five (5) FOIA requests to ICE every month going forward," *id.* at 11; *see also id.* at 15 (referring to this statement as "unrebutted evidence"), but she did not in fact do so: in the more than 21 months between Plaintiff's statement of intent on July 21, 2017, and May 1, 2019, ICE's records reflect that Plaintiff submitted 18 FOIA requests to ICE, or less than one per month. ECF No. 84-11 ¶¶ 8-9; ECF No. 88-2 ¶¶ 15-16. Nor did Plaintiff provide any details about the requests she planned to submit. *Supra* ¶ 29. Based on the undisputed

facts, Plaintiff cannot meet her evidentiary burden to prove that she has pending FOIA requests "likely to implicate" the SOP, *i.e.*, submitted directly to ICE for records in ERO's law enforcement databases on behalf of fugitive aliens who are the subject of ongoing or prospective law enforcement proceedings. Plaintiff concedes as much, averring that she has "no way of knowing" whether the SOP will apply to her (unidentified) requests. ECF No. 85 ¶ 29.

Plaintiff cannot satisfy her *evidentiary* burden to prove standing with *speculation* about how the SOP might apply to unidentified requests she might submit on behalf of unidentified clients in the future. At this stage of the proceeding, Plaintiff was required to come forward with *evidence* of her standing. ECF No. 45 at 4-5. Without identifying any actual FOIA requests, Plaintiff speculates that "the SOP subjects virtually *every one* of Ms. Smith's FOIA requests, now or in the future, to the *substantial risk* of . . . 'categorical withholding' under the SOP." ECF No. 89 at 15. In support of this speculation, Plaintiff points to the definition of "fugitive" in the SOP, and argues that a non-citizen's failure to comply with a condition in her Order of Supervision ("OSUP"), by "failing to take her medication, or the other conditions set forth in the OSUP, *could result* in the non-citizen being deemed a 'fugitive'. . . ." *Id.* at 14 (emphasis added); *see also id.* ("[V]irtually any non-citizen who may need the services of an immigration lawyer *could* be deemed a 'fugitive.'") (emphasis added).

Plaintiff's speculation about what she thinks "*could*" happen is not evidence of how the SOP actually applies. Plaintiff has presented no evidence that ICE *actually* considers aliens who fail to take their medication (or fail to comply with other, unspecified conditions) fugitives under the SOP. And, the evidence in the record undermines Plaintiff's speculation that ICE considers "virtually any non-citizen" to be a fugitive, as ICE applied the SOP to less than one-

half of one percent of the more than 100,000 FOIA requests it has processed since the SOP was adopted. ECF No. 88 at 4; ECF No. 88-1 ¶ 22.[3] This speculation—that every non-citizen "could" be a fugitive under the SOP—underpins Plaintiff's entire case for standing. Speculation cannot satisfy Plaintiff's evidentiary burden to prove standing.

Nor can Plaintiff *avoid* her burden to prove standing to seek the relief she requests with respect to the SOP by re-characterizing Defendant's argument as sounding in mootness. *See* ECF No. 89 at 9, 17-24. ICE continues to apply the SOP, Plaintiff's facial challenge to the SOP is not moot, and ICE does not claim it is moot. Plaintiff is asking for separate relief directed at the SOP, *see* ECF No. 88 at 23; ECF No. 85 at 14-15; *id.* at 5 ("ICE has *two* illegal FOIA practices that must be enjoined, not just one."), and she "must demonstrate standing separately for each form of relief sought," *Laidlaw*, 528 U.S. at 186.[4]

Plaintiff insists that standing is measured at the time the action commences. ECF No. 89 at 8-18. This is true as a general matter. *But see, e.g.*, *Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2008) (holding that plaintiffs lacked standing to challenge Forest Service

---

[3] Plaintiff argues that, in determining standing, "[i]t is not ICE's *behavior* that counts." ECF No. 89 at 15; *but see* ECF No. 85 at 15 ("This Court should adjudicate ICE's *actions*."). Plaintiff cites no authority holding that the Court should ignore how ICE actually applies the SOP in determining whether Plaintiff has standing to challenge it. The entire purpose of the standing doctrine is to ensure that the case revolves real-world behavior, *i.e.*, represents an actual case or controversy, as required by Article III of the Constitution.

[4] In *Laidlaw*, the Fourth Circuit "assumed without deciding that [plaintiff] initially had standing to bring the action, but went on to hold that the case had become moot." *Id.* at 179. The Supreme Court held that the Fourth Circuit erred in finding that the case was moot, *see id.* at 189-93, but separately addressed whether the plaintiff had demonstrated standing for each form of relief sought, *id.* at 180-88; *see also Ne. Fla. Chapter of the Associated Gen. Contractors of Am. V. City of Jacksonville*, 508 U.S. 656, 663 (1993) ("We hold that the case is not moot, and we now turn to the question on which we granted certiorari: whether petitioner has standing to challenge Jacksonville's ordinance.").

regulations based on their post-suit settlement of claims regarding the specific application of the regulations that caused their injury); *United Partition Sys. v. United States*, 59 Fed. Cl. 627, 644 (2004) ("The Supreme Court has interpreted Fed.R.Civ.P. 15(d) to permit supplemental pleadings in which a plaintiff may correct a jurisdictional defect in its complaint by informing the court of post-complaint events.") (citing *Mathews v. Diaz*, 426 U.S. 67, 75 (1976)). But the general rule that standing—which Plaintiff must prove *separately* for each form of relief that she seeks—is measured as of the time of the initial complaint is of no help to Plaintiff here. The SOP did not exist at the time the Plaintiff commenced the lawsuit, and she necessarily cannot prove that she faced a substantial risk of imminent harm from the SOP based on "facts as they existed at the commencement of the lawsuit." ECF No. 89 at 18.

But Plaintiff's inability to prove standing, and Defendant's argument, does not rest just on the timing of the lawsuit relative to the adoption of the SOP. Plaintiff cannot prove that she *ever* had standing to seek the relief she requests invalidating and permanently enjoining the SOP *at any point during this litigation*—not when the original complaint was filed, or at any time since—because the facts do not show, and have never shown, a certainly impending risk that the SOP will be applied to withhold documents in response to a specific FOIA request submitted by Plaintiff. A party that filed a facial challenge to the SOP today would have to prove that she had standing, as would Plaintiff if she had filed a supplemental pleading to expressly raise her facial challenge, as would an intervenor in this case if Plaintiff were not seeking relief directed at the SOP. *Cf. Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) ("For all relief sought, there must be a litigant with standing."). Plaintiff cannot avoid her burden to prove constitutional standing for the requested relief simply because the parties did not insist on

the "needless formality and expense," Wright et al., 6A Fed. Prac. & Proc. Civ. § 1505 (3d ed.), of a new lawsuit or a supplemental pleading.[5]

Plaintiff cannot prove that she has, or ever had, standing to seek relief invalidating and permanently enjoining the SOP.   She has presented no evidence of imminent injury from the SOP, and to the contrary, the evidence shows the SOP has never been applied, and is unlikely imminently to apply, to any of her actual FOIA requests.[6]   Plaintiff's facial challenge to the SOP must be dismissed for lack of subject matter jurisdiction.

### B.   Plaintiff does not have standing to invalidate and permanently enjoin ICE's prior practice

For largely the same reasons, Plaintiff also cannot show that she has, or has ever had, standing for the relief she seeks invalidating and permanently enjoining ICE's prior practice. ECF No. 88 at 35-36.   It is Plaintiff's burden to make this showing separately, and the undisputed facts show that she cannot.   Plaintiff has not pointed to any specific facts that would demonstrate that she has pending or imminently planned future FOIA requests likely to be denied under the prior practice.   As with her challenge to the SOP, Plaintiff's speculation that

---

[5] Where—as here with Plaintiff's claim that the SOP is facially invalid—"an issue not raised in the pleadings is tried by the parties' express or implied consent, it must treated in all respects as if raised in the pleadings."   Fed. R. Civ. P. 15(b)(2); *see also* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.   The court may permit supplementation even though the original pleading is defective in stating a claim or defense."); *Northstar Fin. Advisors, Inc. v. Schwab Invs,*, 779 F.3d 1036, 1043-44 (9th Cir. 2015) (holding that Rule 15(d) permits parties to cure standing defects).
[6] Notably, the SOP has no day-to-day effect on Plaintiff.   It does not prevent or deter her from submitting FOIA requests.   In the event that the SOP applies to a future request, and she is dissatisfied with the result on appeal, she can seek relief in a court within a matter of days.

the practice might apply to some unidentified request made on behalf of some unidentified client in the future is not a substitute for evidence.   *See id.*

## C.   **Plaintiff's challenge to the prior practice is also moot.**

Even if Plaintiff had standing to challenge the prior practice, that claim (unlike her challenge to the SOP) is moot.    The "crucial question" in determining mootness is whether the requested relief "will have some effect in the real world."   *Brown v. Buhman*, 822 F.3d 1151, 1165-66 (10th Cir. 2016) (internal quotation omitted).    There is no real-world effect of enjoining or declaring invalid a practice that was discontinued and replaced with a written SOP that, as Plaintiff recognizes, differs from the prior practice in several fundamental respects.   *Cf. Wyoming v. DOI*, No. 18-8027, 2019 WL 1531498, at *2 (10th Cir. Apr. 9, 2019) (unpub.) (holding "no real-world effect because the rules the district court enjoined have been replaced"); *see also id.* ("'[W]hen an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot.'") (quoting *Akiachak Native Cmty. v. DOI*, 827 F.3d 100, 113-14 (D.C. Cir. 2016)).    Plaintiff's contrary argument is based on her mistaken assumption that the prior practice continues.   *See* ECF No. 88 at 2-3 & ¶ 17.

Nor does the voluntary cessation exception apply under these circumstances.    ICE has shown that "there is no reasonable expectation that the [discontinued practice] will recur." *Ghailani v. Sessions*, 859 F.3d 1295, 1302 (10th Cir. 2017) (internal quotation omitted).[7]    Cases that deny mootness following voluntary cessation by *government* officials—as opposed to

---

[7] The documents initially withheld pursuant to the practice were long-ago released to Plaintiff, and thus the second condition for voluntary action to moot litigation, "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," *id.* (internal quotation omitted), is satisfied.   Plaintiff does not claim otherwise.

private parties, as in *Laidlaw*—"rely on *clear showings* of reluctant submission [by governmental actors] and a desire to return to the old ways." *Brown*, 822 F.3d at 1167 (emphasis in original); *see also Ghailani*, 859 F.3d at 1302 (recognizing government self-correction provides a solid foundation for mootness). There is no such clear showing here.

The SOP was issued and adopted by ICE's Office of the Principal Legal Advisor, and both ICE's FOIA Officer and Deputy FOIA Officer have attested, under oath, that the challenged practice no longer applies and has been replaced by the formal, written SOP adopted by OPLA. ECF No. 84-11 ¶ 6; ECF No. 84-6 ¶¶ 3-6; ECF No. 88-1 ¶¶ 10-16; 88-2 ¶¶ 4-10; *cf. Brown*, 822 F.3d at 1170-71 ("The risk that [Defendant] will revoke or ignore the [SOP] under these circumstances is minimal at best, and certainly not enough to sustain a live case or controversy."). ICE FOIA analysts process thousands of FOIA requests per year, and they were instructed immediately to follow the SOP for *all* direct requests from fugitives for records in ERO's law enforcement databases, not just requests submitted by Plaintiff. ECF Nos. 88-1 ¶¶ 8, 11-12 & 88-3; *cf. Brown*, 822 F.3d at 1171 (finding case moot, where, *inter alia*, the policy applied to other similarly situated individuals, not just the plaintiffs). There is no reasonable expectation that ICE will abandon the formal, written policy adopted by its counsel and return to a prior practice that ICE FOIA's officials have represented to the Court no longer applies.[8]

Finally, Plaintiff's argument that her challenge to the *practice* is not moot because the *SOP* is "actually a *continuation* of the practice," ECF No. 89 at 29; *see also id.* at 22, is incorrect,

---

[8] "A government official's decision to adopt a policy in the context of litigation may actually make it more likely the policy will be followed, especially with respect to the plaintiffs in that particular case." *Brown*, 822 F.3d at 1171; *Ghailani*, 859 F.3d at 1303 n.3 ("If we are mistaken about the government's intentions and it chooses to reinstate the [practice] after this suit is over, [plaintiff] will be allowed to challenge the [practice] regardless of any future revocation.").

legally and factually.   As a legal matter, the cases on which Plaintiff relies involve attempts to moot *an entire case* based on a change in policy, not cases where a plaintiff sought *separate relief* directed at both the *old* practice and the *new* policy that replaced it.   *See supra* note 4. Defendant does not assert, and has never asserted, that its adoption of the SOP mooted the case. The SOP continues, and Plaintiff's requests for relief directed at the SOP are not moot, only her requests for relief directed at the discontinued practice.   This Court implicitly recognized as much when it limited discovery to the "most current version" of the policy, and held that the "history" of the practice is irrelevant.   ECF No. 51 at 2.   As a factual matter, the SOP is different from the prior practice in fundamental ways, including the requests to which it applies (only direct requests, not referrals), its applicability only to requests for records in ERO's law enforcement databases, and its express reliance on Exemption 7(A).   *See supra* at 2.[9]   Plaintiff recognizes these differences and seeks *separate* relief directed at the practice and the SOP, including focusing her challenges on (and asking the Court separately to enjoin) provisions of the SOP that are not elements of the prior practice.   *See* ECF No. 85 at 5, 20-21, 27-30.

In sum, even if Plaintiff had standing, her requested relief regarding the practice is moot.

## II.   Plaintiff cannot prove that the SOP is facially invalid.

Even if the Court determines that it has jurisdiction, Defendant is entitled to summary judgment because the evidence in the record does not support Plaintiff's putative pattern and practice claim that the SOP is facially invalid.[10]   Plaintiff does not dispute that it is her burden

---

[9]  Plaintiff's claim that response letters issued under, or referring to, the prior practice, like letters issued under the SOP, also "refer to the 7(A) exemption," ECF No. 89 at 29 (citing ECF Nos. 19-2, 32-2, 85-6, 85-9) is false, as the letters cited by Plaintiff demonstrate.

[10]  Plaintiff spends several pages addressing arguments against implying claims for "pattern and practice" relief under FOIA that Defendant did not make, without responding to the arguments

to prove that the SOP is facially invalid by demonstrating that it results in the wrongful

withholding of records under FOIA whenever it is applied.    *See* ECF No. 84 at 19-20.

Instead, Plaintiff argues that it is "inappropriate to consider" Defendant's arguments that

Plaintiff cannot bear her burden to prove her claim "in the context of ICE's motion for summary

judgment, since [they] should be raised in response to Ms. Smith's motion."    ECF No. 89 at 32;

*see also id.* at 30.    Plaintiff's argument is contrary to the Federal Rules of Civil Procedure,

Supreme Court precedent, and numerous decisions from this Court.    *See, e.g.*, Fed. R. Civ. P.

56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("The moving party is 'entitled to a

judgment as a matter of law' because the nonmoving party has failed to make a sufficient

showing on an essential element of her case with respect to which she has the burden of proof.");

*Allen v. Reynolds*, No. 09-cv-02605-WJM-MJW, 2011 WL 2174424, at *2 (D. Colo. June 3,

2011) ("The analysis to be applied on a motion for summary judgment differs depending on

whether the moving party is also the party with the burden of proof at trial.    Where, as here, the

non-movant bears the burden of proof at trial, the non-movant must point to specific evidence

---

Defendant actually made.    *Compare* ECF No. 89 at 24-30 *with* ECF No. 84 at 16-17.    As
Defendant argued, FOIA does not provide for pattern and practice relief, only for "jurisdiction to
enjoin the agency from withholding agency records and to order the production of any agency
records improperly withheld *from the complainant*."    5 U.S.C. § 552(a)(4)(B) (emphasis added).
While the Supreme Court has recognized that FOIA does not "limit the inherent powers of an
equity court," *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 20 (1974), the Court
has never exercised, or sanctioned the exercise of a lower court's, equitable powers to imply an
extra-statutory cause of action under FOIA.    With respect to that question—whether to imply an
extra-statutory cause of action—the Supreme Court has opined that implying extra-statutory
causes of action is disfavored and must be clearly supported on the face of the statute.    *See*
*Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855-57 (2017).    But, Plaintiff's lack of response
notwithstanding, this Court need not decide in this case whether to recognize an extra-statutory
pattern and practice claim under FOIA, because even assuming that such a claim exists, Plaintiff
"has not presented evidence sufficient to establish it."    *Rocky Mtn. Wild, Inc. v. USFS*, No. 15-
cv-0127-WJM-CBS, 2016 WL 362459, at *10 (D. Colo. Jan. 29, 2016).

establishing a genuine issue of material fact with regard to each challenged element."). It is "appropriate" for the Court to consider ICE's arguments in resolving ICE's motion.

Plaintiff does not point to any specific evidence establishing a genuine issue of material fact with regard to whether the SOP is facially invalid and results in the wrongful withholding of records under FOIA whenever it is applied. Plaintiff *argues* that the SOP is "illegal" because it provides for the categorical withholding of records from fugitive alien FOIA requesters without considering whether the production of such records or information could reasonably be expected to interfere with law enforcement proceedings. ECF No. 89 at 30-32. But Plaintiff is mistaken that the SOP applies in this manner. The SOP applies only to direct requests to ICE for law enforcement records in ERO's law enforcement databases by individuals ERO determines are fugitives. ECF No. 84 ¶ 21 (citing ECF No. 84-7 at ICE-2); ECF No. 88 ¶¶ 15, 25 (citing ECF No. 84-7 at ICE-2; ECF No. 88-1 ¶¶ 12-13; ECF No. 84-5 at 33:12-34:25, 69:13-17 (explaining categorical withholding)). Releasing law enforcement records to an individual who is a fugitive, as defined in the SOP, could reasonably be expected to interfere with law enforcement proceedings. ECF No. 84 ¶¶ 18-19 (citing ECF No. 84-5 at 10:3-22, 13:4-14:1, 23:11-18, 32:25-33:6, 34:10-25, 36:14-22, 72:4-25); ECF No. 84 at 24 (addressing same); ECF No. 88 at 27-28 (same). As ICE explained, "on a direct request where we're searching for ICE records, under our domain active investigative files are more likely to contain information that would allow a fugitive or an absconder to evade law enforcement activities. . . ." ECF No. 84-5 at 10:13-17; *see also id.* at 34:10-25 (explaining that ICE's records may reflect ongoing detention operations, or future plans to detain the individual, the release of which could interfere with those operations by allowing the requester to continue to evade detention); *id.* at 36:14-22

(explaining that ICE's records may reflect addresses of relatives known to ICE, the release of which could reasonably be expected to interfere with ICE's ability to detain the fugitive at that location).   Applying the SOP to withhold the category of law enforcement records that could reasonably be expected to interfere with law enforcement proceedings is not "illegal," and certainly not in every application.   ECF No. 84 at 21-25; ECF No. 88 at 25-28.

It is Plaintiff's burden to prove that the SOP is facially invalid and results in the wrongful withholding of records under FOIA whenever it is applied.   Plaintiff did not carry this burden, or identify any dispute of fact material to the Court's resolution of Plaintiff's facial challenge. If the Court determines that Plaintiff has standing to seek a permanent injunction against the application of the SOP and a declaration as to its invalidity, the Court should enter summary judgment in favor of Defendant on the merits of those claims.

## CONCLUSION

For the foregoing reasons, and those in Defendant's motion, ECF No. 84, and opposition to Plaintiff's motion, ECF No. 88, the Court should enter judgment in favor of Defendant.

DATED:   May 17, 2019                              Respectfully Submitted,

JASON R. DUNN
United States Attorney

*s/ Ian J. Kellogg*
Ian J. Kellogg
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone:(303) 454-0100
Fax: (303) 454-0407
ian.kellogg@usoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

      Dan@CulhaneLaw.com
      msilverstein@aclu−co.org
      sneel@aclu−co.org

                                         *s/ Ian J. Kellogg*
                                         U.S. Attorney's Office